506 S.E.2d 350

**STATE of West Virginia ex rel. FEDER-AL KEMPER INSURANCE COMPANY, an Illinois Corporation, Petitioner,**

v.

**The Honorable Paul ZAKAIB, Judge of the Circuit Court of Kanawha County, West Virginia, or his Designee, et al., Respondents.**

No. 24675.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1998.

Decided July 13, 1998.

John H. Tinney, Clifford F. Kinney, Jr., Jennifer L. Mallory, Spilman, Thomas & Battle, Charleston, for Petitioner,

J. Michael Ranson, Cynthia Morrone Salmons, Ranson Law Offices, Charleston, George B. Morrone, III, Kenova, for Respondents, Ricky B. Campbell, Ricky Lee Campbell, Pamela W. Campbell, Laticia Campbell, and Eric Campbell.

## PER CURIAM: [1]

The relator in this original prohibition proceeding, Federal Kemper Insurance Company, prays that this Court prohibit the respondent Judge of the Circuit Court of Kanawha County from proceeding further against it in an action styled *Ricky B. Campbell, etc., et al. v. AC & S Incorporated, etc., et al.*, Kanawha County Civil Action No. 95–C–813. The relator claims that the grounds asserted against it in that civil action have been previously adjudicated in the Circuit Court of Fayette County and that the judgment of the Circuit Court of Fayette County is *res adjudicata* as to those matters. The relator also claims that the Circuit Court of Kanawha County is collaterally estopped from entertaining the action. After reviewing the issues raised and the documents filed, this Court agrees and concludes that Federal Kemper Insurance Company is entitled to the writ of prohibition which it seeks.

## I.

### FACTUAL BACKGROUND.

This case grows out of the refusal of Federal Kemper Insurance Company to settle a fire insurance claim to the satisfaction of its insureds, Ricky B. Campbell and his wife. The claim was filed after a fire destroyed the Campbell home in Fayette County on November 17, 1992.

Because of Federal Kemper's refusal to settle, the Campbells filed a civil action in Fayette County on March 3, 1993. In their complaint they sought damages for breach of their insurance contract, and they also

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

sought damages for Federal Kemper's failure to settle in good faith.[2]

After the filing of the complaint, the Campbells and Federal Kemper Insurance Company engaged in negotiations, and on December 15, 1993, they reached an agreement as to the fire damage claim. Under that agreement, Federal Kemper paid the Campbells $183,135.72 for their fire loss. The parties, however, left open the Campbells' bad faith settlement practices claim. The agreement specifically provided:

It is expressly agreed and understood that the above payments for dwelling coverage, other structures coverage, personal property coverage and loss of use coverage fully discharge the obligations of Federal Kemper Insurance Company, Debra L. Hood and the agents, employees and successors in interest of either, to make said payments pursuant to the insurance policy, by reason of the November 17, 1992 fire loss and/or the above referenced civil litigation. Acceptance of the payments specified above shall not prejudice the rights of the undersigned to make claims for any other expenses, coverages or damages to which they may be entitled.

As the case developed, it came to the attention of Federal Kemper that the Campbells might attempt to introduce, in the forthcoming trial on the bad faith settlement practices claim, evidence of the actions that a former attorney for Federal Kemper had taken after March 3, 1993, the date of filing of the Campbells' complaint, to defeat their claim. Upon learning of this, Federal Kemper filed a motion *in limine* to bar the introduction of evidence of conduct occurring after March 3, 1993, the date of the filing of the Campbells' complaint. A hearing was held on this motion on October 25, 1994, and during this hearing an issue arose as to whether the actions of Federal Kemper, after the filing of the complaint, were within the scope of the bad faith practices alleged in the complaint. In response to this, the attorney for the Campbells orally moved to amend their complaint.

After taking the questions under consideration, the Circuit Court of Fayette County, by order dated November 14, 1994, granted the motion *in limine* and specifically excluded the introduction of evidence of Federal Kemper's conduct after March 3, 1993. The court also denied the Campbells' motion to amend their complaint.[3]

2. In claiming that Federal Kemper had refused to settle in good faith, the Campbell's alleged:
"34. That the said defendants acted willfully, maliciously, fraudulently, and intentionally in refusing to consider the nature and extent of the plaintiffs' loss and in refusing to pay plaintiffs' claims for various coverages, without valid cause; and that this was done knowingly, intentionally and with the purpose of discouraging, avoiding or reducing the payment due plaintiffs under the terms of the policy.
35. That said defendants' intentional refusal to pay plaintiffs' valid claim was a breach of the implied in-law duty of good faith and fair dealing and operated to unreasonably deprive plaintiffs of the benefits of the insurance policy; and that Federal Kemper's intentional refusal to pay plaintiffs' valid claim was in conspiracy and concert with, and at the direction of the defendant, Debra L. Hood, and the conduct of each of said defendants in intentionally refusing to pay plaintiffs' valid claim was malicious, fraudulent, oppressive and otherwise reflected a conscious disregard of plaintiffs' rights.
36. That the action of the defendants, jointly and severally, in refusing to pay under said policy, and in denying plaintiffs' coverage and in doing the things herein and hereafter complained of, and in otherwise repudiating and

breaching said insurance contract and, more specifically, the implied covenants of good faith and fair dealing embodied therein, have been negligent, reckless, tortious, fraudulent, deceptive, defiant, intentional, willful, wanton and deliberate."

3. In its order, the Circuit Court of Fayette County essentially concluded that it was inappropriate for the Campbells to introduce evidence of Federal Kemper's actions after the institution of the action for the reasons set forth in *Palmer by Diacon v. Farmers Insurance Exchange,* 261 Mont. 91, 861 P.2d 895 (Mont.1993). In the *Palmer* case, the Supreme Court of Montana stated:
The Rules of Civil Procedure control the litigation process and, in most instances, provide adequate remedies for improper conduct during the litigation process. Once the parties have assumed adversarial roles, it is generally for the judge in the underlying case and not a jury to determine whether a party should be penalized for bad faith tactics. *[Palmer v.] Ted Stevens Honda,* [193 Cal.App.3d 530] 238 Cal. Rptr. 363, 369 (citing *White,* 221 Cal.Rptr. at 525, 710 P.2d at 325 (Lucas, J., concurring and dissenting)).
"An attorney in litigation is ethically bound to represent the client zealously within the frame-

After the Circuit Court of Fayette County granted Federal Kemper's motion *in limine*, the case proceeded to trial and, at the conclusion of the trial on November 5, 1994, a jury returned a verdict for $110,200.00 for the Campbells on their bad faith settlement claim. A judgment was rendered on the verdict, and Federal Kemper later satisfied the judgment by paying the damages awarded by the jury.

Neither party appealed from the judgment rendered by the Circuit Court of Fayette County.

After the Fayette County action was concluded, the Campbells, on March 3, 1995, instituted a second civil action against Federal Kemper Insurance Company in the Circuit Court of Kanawha County. That action, styled Civil Action No. 95–C–813, is the action which Federal Kemper now seeks to prohibit. In that action, the Campbells sought bad faith settlement damages for Federal Kemper's actions after March 3, 1993, the date on which they filed their original civil action in the Circuit Court of Fayette County. Interestingly, their children, who were not parties to the Fayette County action, and who, insofar as this Court can determine, were not privy to the insurance contract entered into by Federal Kemper, were added as parties plaintiff and represented by Ricky B. Campbell as their next friend.

Following the filing of the Kanawha County action, Federal Kemper moved to dismiss the Kanawha County claims on the ground that the Campbells' assertion of the claims was barred by the principles *res judicata* and collateral estoppel. The Circuit Court of Kanawha County denied that motion.

In the present proceeding, the relator, Federal Kemper Insurance Company, again asserts that the Kanawha County claims are barred by collateral estoppel and *res judicata* and argues that, under the circumstance, this Court should prohibit the Circuit Court of Kanawha County from proceeding further against it in Civil Action No. 95–C–813.

## II.

## STANDARD FOR DETERMINING WHETHER A WRIT OF PROHIBITION SHOULD ISSUE

As a general proposition, this Court has indicated that a writ of prohibition will issue where a trial court does not have jurisdiction over an action or, where having such jurisdiction, it exceeds its legitimate powers. *State ex rel. McCartney v. Nuzum*, 161 W.Va. 740, 248 S.E.2d 318 (1978). In considering whether prohibition is appropriate in cases in which the lower tribunal has allegedly exceeded its legitimate powers, this Court has indicated that it would give substantial weight to the question of whether the lower tribunal's order was clearly erroneous as a matter of law. *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

work provided by statutes and the Rules of Civil Procedure. These procedural rules define clear boundaries of litigation conduct. If a defense attorney exceeds the boundaries, the judge can strike the answer and enter judgment for the plaintiff, enter summary judgment for the plaintiff, or impose sanctions on the attorney ... There is no need to penalize insurers when their attorneys represent them zealously within the bounds of litigation conduct. To allow a jury to find that an insurer acted in bad faith by zealously defending itself is to impose such a penalty."
861 P.2d at 914 (Mont.1993).

The Montana court went on to recognize that admitting evidence during trial of an insurer's conduct after the institution of litigation would have a chilling effect upon an insurer's zealous defense of a claim against it and would even have an affect on its right of access to the courts. The court also indicated that in some instances evidence of an insurer's post-filing conduct could bear on the reasonableness of the insurers pre-litigation decisions and its state of mind when it evaluated the denial of the underlying claim. It stated that when there was a question of the relevancy of post-filing conduct, in terms of establishing the insurer's state of mind when it evaluated and denied the underlying claim, it was incumbent upon the trial court to weigh the relevance and the probative value of the evidence against the high potential prejudicial effect of such evidence. The court concluded that where such evidence was highly relevant to the underlying claim, and its relevance exceeded its prejudicial impact, introduction of evidence of post-filing conduct was appropriate.

In the present case, this Court is not presented with the question of whether the rulings of the Circuit Court of Fayette County were correct or erroneous.

### III.

### DISCUSSION

■ Recently, in *Blake v. Charleston Area Medical Center, Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997), this Court discussed the doctrine of *res judicata* in some depth. In Syllabus Point 4, the Court stated:

Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

In Syllabus Point 1 of the prior case of *State ex rel. Division of Human Services by Mary C.M. v. Benjamin P.B.,* 183 W.Va. 220, 395 S.E.2d 220 (1990), this Court further recognized that:

" 'An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*' Point 1, Syllabus, *Sayre's Adm'r v. Harpold et al.,* 33 W.Va. 553 [11 S.E. 16 (1890) ]." Syl. pt. 1, *In Re Estate of McIntosh,* 144 W.Va. 583, 109 S.E.2d 153 (1959) (emphasis in original).

■ Collateral estoppel, on the other hand, is broader than *res judicata* since it does not always require that the same parties be involved. With regard to collateral estoppel, we stated in Syllabus Point 1 of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995):

Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

■ In the present case, it appears that the Fayette County Circuit Court had jurisdiction over Federal Kemper Insurance Company and Ricky B. Campbell and his wife and that the court also had jurisdiction over the issues arising out of Federal Kemper's refusal to settle the Campbells' insurance claim. It is further clear that the question of whether Federal Kemper Insurance Company engaged in bad faith settlement practices after March 3, 1993, that is, after the institution of the Fayette County lawsuit, could have been, and was, in fact, raised by the Campbells in the Fayette County civil action. The circuit court, however, after the filing of Federal Kemper's motion *in limine,* for evidentiary reasons, granted the motion and excluded evidence which the Campbells wished to introduce relating to the bad faith actions of Federal Kemper Insurance Company after the institution of the arson. The court also refused to allow the Campbells to amend their complaint. The Campbell's might have appealed and challenged these rulings on appeal, but they chose not to do so.

As between Federal Kemper Insurance Company and Ricky B. Campbell and his wife, this Court believes that all the necessary preconditions for the application of the doctrine of *res judicata* in the Circuit Court of Kanawha County were established in the actions which occurred in the Circuit Court of Fayette County. Specifically, there was an identity of the parties. The cause of action, bad faith settlement practices, including bad faith settlement practices after the institution of the Fayette County action, was

raised in each action. There was the identity of the thing sued for, that is, damages for the bad faith settlement practices. Although it might be argued that the Campbells were not allowed to pursue their claim for bad faith settlement practices which occurred after March 3, 1993, *State ex rel. Division of Human Services by Mary C.M. v. Benjamin P.B.*, *id.*, and the cases cited in it, indicate that it is not essential that such matters actually be determined, and it is also recognized that an erroneous ruling by the trial court will not prevent the matter from being *res judicata.* In view of all this, this Court believes that the Circuit Court of Kanawha County erred in failing to apply the principles of *res judicata* and to grant Federal Kemper Insurance Company's motion to dismiss the Kanawha County action insofar as Ricky B. Campbell and his wife were concerned.

The addition of the Campbells' children as parties plaintiff to the Kanawha County action complicates the question of whether a writ of prohibition should issue as to them here. The children were not parties to the Fayette County action; thus, under the principles cited above, *res judicata* cannot apply to them.

However, as previously noted, in *State v. Miller, supra,* it was recognized that collateral estoppel does not always require that the parties be the same in two actions for the doctrine to apply to the second action. It is sufficient that a party in the second action was in privity with the party in the prior action and/or that that party had a full and fair opportunity to be involved in the prior action. Rather clearly, the Campbells' children in the Kanawha County action were the Campbells' children at the time of the Fayette County action, and this Court believes that Ricky B. Campbell could have joined them and represented them in Fayette County, as he is doing in Kanawha County. In effect, the Court believes that the conditions precedent for the application of the doctrine of collateral estoppel as to the children are present.

As previously stated, that prohibition will lie where a lower court has exceed-ed its legitimate powers, and in the present case, the Court believes that the Circuit Court of Kanawha County exceeded its legitimate powers when it refused to grant Federal Kemper Insurance Company's motion to dismiss Civil Action No. 95–C–813. The Court also believes that the Circuit Court of Kanawha County exceeded its legitimate jurisdiction when it refused to grant Federal Kemper Insurance Company's motion to dismiss and that under the overall circumstances, the issuance of the writ of prohibition, which Federal Kemper Insurance Company seeks in this case, is appropriate.

It is therefore ·adjudged that a writ of prohibition should be granted prohibiting the Circuit Court of Kanawha County from entertaining further Civil Action No. 95–C–813 against Federal Kemper Insurance Company.

Writ granted.

McCUSKEY, J., deeming himself disqualified, did not participate in the decision of this case.