535 S.E.2d 480

**WEST VIRGINIA BOARD OF MEDICINE, Petitioner below, Appellant,**

v.

**Diane E. SHAFER, M.D., Respondent below, Appellee.**

**No. 27374.**

Supreme Court of Appeals of West Virginia.

Submitted June 13, 2000.

Decided July 12, 2000.

Dissenting Opinion of Justice Davis July 19, 2000.

Deborah Lewis Rodecker, Esq., West Virginia Board of Medicine, Charleston, West Virginia, Attorney for the Appellant.

J. Fox DeMoisey, Esq., DeMoisey & Smither, Louisville, Kentucky, C. Page Hamrick, III, Esq., Charleston, West Virginia, Attorneys for the Appellee.

PER CURIAM:

## I.

The West Virginia Board of Medicine ("the Board") appeals a July 22, 1999 order of the Circuit Court of Mingo County, that vacated a September 18, 1998 order of the Board revoking the license of Diane E. Shafer, M.D. ("Dr. Shafer") to practice medicine in West Virginia.

## II.

In 1993, the West Virginia Board of Medicine, revoked the medical license of Dr. Diane E. Shafer based upon the Board's finding that Dr. Shafer had been convicted in Kentucky of the bribery of a public servant, a felony offense. However, the Board stayed the revocation and suspended Dr. Shafer's medical license, pending resolution of her appeal of the bribery conviction. Ultimately, the Kentucky bribery conviction was overturned on appeal, and Dr. Shafer's West Virginia medical license was reinstated in April, 1995.

Also in 1993, disciplinary proceedings were initiated against Dr. Shafer by the Kentucky Board of Medical Licensure. The Kentucky proceedings involved two allegations: first, that Dr. Shafer had filed fraudulent/false documents to aid and abet one of her patients, Wanda Spaulding, in receiving workers' compensation at a time when the patient was incarcerated; and second, that Dr. Shafer had been convicted of the felony offense of bribery in Kentucky. The Kentucky Board revoked Dr. Shafer's medical license based upon both of the foregoing charges. However, on appeal of that decision, and after her bribery conviction had been overturned, a court decided that the conviction was not grounds for revocation, because it had been set aside. Consequently, the Kentucky revocation stood on the sole basis of Dr. Shafer's filing of fraudulent workers' compensation forms.

Three years later, in December, 1996, the West Virginia Board filed a complaint alleging that Dr. Shafer had: (1) engaged in unprofessional, unethical conduct by entering into a secretive personal/sexual relationship with a hearing officer of the Kentucky Board (the same person whom she had been convicted of "bribing"), during the time when her medical license was under review by that Board; (2) submitted fraudulent workers' compensation claim forms on behalf of one of her patients (the same Kentucky Spaulding charge); (3) continued to practice medicine in West Virginia following the 1993 suspension of her West Virginia Medical License; and (4) had her Kentucky license to practice medicine revoked.

A hearing on the Board's complaint was convened at various times in January, April and June, 1998, before a hearing examiner. The examiner submitted his recommended findings, conclusions of law, and recommended decision. In September, 1998, the Board entered an order that adopted, with minor modifications, the recommendation of the hearing examiner. The Board concluded that the aforementioned allegations numbered (1), (2) and (4) were true [1]—and based upon these findings, the Board entered an order revoking Dr. Shafer's license to practice medicine in West Virginia.

Dr. Shafer appealed the Board's decision to the Circuit Court of Mingo County. On July 22, 1999, the circuit court entered a final order vacating the Board's order revoking Dr. Shafer's license. The circuit court determined that, pursuant to *Mellon–Stuart Co. v. Hall,* 178 W.Va. 291, 359 S.E.2d 124 (1987), the doctrine of *res judicata* applied to the administrative proceedings of the Board. The circuit court further concluded that:

> All matters asserted by the Board in the proceeding now before this court should have been disposed of on the merits in the previous [1993] disciplinary proceeding against Shafer. The Board's actions in attempting to revisit and relitigate matters resulting in multiple penalties against Shafer is vexatious, and violates the public

---

1. The Board concluded that there was insufficient evidence to establish that Dr. Shafer had continued to practice medicine in West Virginia following the 1993 suspension of her medical license.

policy goals relating to the doctrine of res judicata.

The court then explained that it had the authority to vacate the Board's order revoking Dr. Shafer's medical license "because Shafer's substantial rights were prejudiced as a result of the Board's actions in relitigating matters barred by the doctrine of res judicata."

The circuit court concluded that the Board was attempting to relitigate matters that were well-known to the Board in 1993, when it first brought charges against Dr. Shafer. We think that the circuit court, which looked closely at what the Board knew and when it knew it, was acting within its proper bounds in making this conclusion.

 Syllabus Point 3 (in part) of *State Ex Rel. Federal Kemper Insurance Company v. Zakaib*, 203 W.Va. 95, 506 S.E.2d 350 (1998) (*per curiam*) states:

An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits.

Specifically, the Circuit Court of Mingo County found that in 1993 the Board was fully aware of the conduct that formed the basis of the Kentucky bribery conviction—the "secret" relationship between Dr. Shafer and the hearing examiner—conduct that occurred in 1988, 1989 and 1990. We do not believe that the circuit court erred in concluding, from a voluminous record, that the Board could have brought the "secret relationship charge" in 1993, and in therefore concluding that bringing that charge in 1996 in the second proceeding against Dr. Shafer was barred by *res judicata*.

We also believe that the circuit court did not err when it concluded that the Board, which was working in cooperation with Kentucky authorities, could have brought the workers' compensation fraud charges against Dr. Shafer in 1993. The workers' compensation events had all occurred in early 1992 or earlier. There are no findings by the hearing officer that are contrary to the circuit court's conclusion that the Board could have brought the workers' compensation charges in the West Virginia proceeding in 1993—at the same time that they were brought in Kentucky.

The circuit court finally concluded, and we agree, that the Board may not simply "bootstrap" a revocation, based solely on a Kentucky revocation that is based on substantive charges that the Board cannot bring because of *res judicata*.

The evidence is undisputed that the appellee is a hardworking, valuable member of her medically under-served community, and her technical ability to practice medicine is unquestioned. The circuit court, after a full review of a voluminous record, found this to be a case of vexatious and repeated litigation based on stale and repetitive charges that could have been but were not brought in the Board's first proceeding. We cannot say that the circuit court erred in making this conclusion.

### III.

The judgment of the circuit court is affirmed.

Affirmed.

Chief Justice MAYNARD, deeming himself disqualified, did not participate in the decision of this case.

Justice SCOTT, deeming himself disqualified, did not participate in the decision of this case.

Judge HRKO, sitting by special assignment, dissents.

Judge RISOVICH, sitting by special assignment.

DAVIS, Justice, dissenting:

(Filed July 19, 2000)

Because the majority opinion affirms a circuit court order that was improperly based

upon a legal theory, res judicata, that had been waived by Dr. Shafer, and because the West Virginia Board of Medicine (hereinafter "Board" or "West Virginia Board") had a sufficient ground for revoking Dr. Shafer's license notwithstanding the application of res judicata, I respectfully dissent.

The Circuit Court of Mingo County reversed the Board's order revoking Dr. Shafer's license based primarily on the doctrine of res judicata. Res Judicata is an affirmative defense, which is waived if it is not properly raised. *See generally,* 2 Am.Jur.2d *Administrative Law* § 381, at 382 (1994) ("Res judicata must be pleaded as an affirmative defense, and the failure to so plead constitutes a waiver." (footnotes omitted)). *See, e.g.,* W. Va. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party *shall* set forth affirmatively . . . res judicata." (emphasis added)). In the present case, Dr. Shafer failed to raise the defense of res judicata in response to the Board's complaint against her.[1]

In administrative proceedings such as the one at bar, the circuit court is sitting in the capacity of an appellate court. In such circumstances, it is improper for that court to consider an issue that was not initially raised below. In fact, the West Virginia Administrative Procedures Act specifically directs that a circuit court's review of an administrative proceeding

shall be conducted by the court without a jury and *shall be upon the record made before the agency,* except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken before the court. The court may hear oral arguments and require written briefs.

W. Va.Code § 29A–5–4(f) (1998) (Repl.Vol. 1998) (Emphasis added).

Here, Dr. Shafer failed to raise the affirmative defense of res judicata in her initial pleading, or at any other time, before the Board. Therefore, she waived the defense. Furthermore, there was nothing in the record submitted to the circuit court on the issue of res judicata. Therefore, the circuit court erred, and exceeded the proper scope of its review, when it considered an issue that had not been addressed by the Board in the first instance.

Notwithstanding the application of res judicata, however, the Board nevertheless had sufficient grounds for revoking Dr. Shafer's license. Pursuant to the Regulations promulgated by the Board,[2] it may

revoke any license heretofore or hereafter issued by the Board, upon satisfactory proof that the licensee has:

. . . .

g. Had his or her license to practice medicine . . . in any other state, territory, jurisdiction or foreign nation revoked, suspended, restricted or limited, or otherwise acted against, or has been subjected to any other disciplinary action by the licensing authority thereof, or has been denied licensure in any other state, territory, jurisdiction, or foreign nation.

11 CSR 1A–12.1(g) (1994). It is undisputed that Dr. Shafer's license to practice medicine in the State of Kentucky was revoked by the Kentucky Board of Medical Licensure on April 21, 1994. Dr. Shafer appealed the revocation to the Jefferson Circuit Court, Kentucky, where the revocation was affirmed on August 21, 1995. Thereafter, in December 1996, the decision of the circuit court was upheld by the Kentucky Court of Appeals.

The 1993 disciplinary proceedings initiated by the West Virginia Board of Medicine against Dr. Shafer were commenced on July 15, 1993, when the Board filed its complaint. These proceedings concluded with the revocation of Dr. Shafer's medical license on November 9, 1993,[3] which was not only prior to the ultimate revocation of her Kentucky li-

---

1. In fact, Shafer never specifically raised the defense of res judicata in her pleadings to the circuit court.

2. The Board promulgated these rules under the authority of W. Va.Code § 30–3–7(a)(1) (1980) (Repl.Vol.1998).

3. As noted in the majority opinion, this revocation by the Board was stayed pending Dr. Shafer's appeal of her Kentucky felony conviction, and, when that conviction was overturned, Dr. Shafer's West Virginia medical license was reinstated.

cense to practice medicine, but also preceded even the filing of the complaint that resulted in the revocation of her medical license by the Kentucky Board of Medical Licensure. Clearly, the West Virginia Board could not have addressed the revocation of Dr. Shafer's license to practice medicine in Kentucky in connection with the 1993 disciplinary proceedings against her.

Although the revocation of Dr. Shafer's medical license at issue in this appeal was based upon three separate charges, the Board made clear in its order that "revocation of Respondent Shafer's license is a valid, permissible, and adequate sanction under the [West Virginia Medical Practices Act] for her commission of *any one of the alleged violations*." For the aforementioned reasons, I would reverse the Circuit Court of Mingo County, and uphold the Board's revocation of Dr. Shafer's medical license.