679 S.E.2d 650

**Sharon G. NOBLE, Petitioner Below, Appellee,**

v.

**WEST VIRGINIA DEPARTMENT OF MOTOR VEHICLES, Joseph Cicchirillo, Commissioner, Respondent Below, Appellant.**

No. 34328.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 24, 2009.

Decided June 11, 2009.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, WV, for Appellant.

Paul S. Detch, Esq., Lewisburg, WV, for Appellee.

PER CURIAM:

This is an appeal by Joseph Cicchirillo, the Commissioner of the West Virginia Department of Motor Vehicles ("the Commissioner"), from an order entered by the Circuit Court of Kanawha County on November 16, 2007. The circuit court reversed the Commissioner's administrative order revoking Sharon Noble's license to drive following her arrest for driving under the influence.

After careful consideration of the record, we reverse the judgment of the circuit court.

## I.

### Facts & Background

On January 12, 2007, appellee Sharon Noble was arrested by a city police officer in Ronceverte, West Virginia, and charged with

driving a vehicle under the influence of alcohol in violation of a municipal ordinance of the City of Ronceverte. The city police officer submitted to the Commissioner a "DUI Information Sheet/Statement of Arresting Officer." The officer's statement described the circumstances and evidence supporting Ms. Noble's arrest, but said nothing regarding the municipal ordinance under which Ms. Noble was arrested.

Upon receiving the officer's statement, the Commissioner suspended Ms. Noble's driver's license for a period of six months. Ms. Noble then requested and was granted an administrative hearing to contest the suspension. On the "Hearing Request Form," Ms. Noble was asked to provide the grounds upon which she claimed her suspension should be dismissed or modified, and she replied: "validity of traffic stop."

An administrative hearing was held on March 27, 2007. The hearing examiner took judicial notice of all of the documents contained in the file, including a secondary chemical test showing Ms. Noble's blood alcohol concentration when she was arrested was .099, and the criminal complaint filed by the city police officer which stated that Ms. Noble was arrested in violation of "Municipal Ordinance No.: 3–17–1." [1] Counsel for Ms. Noble had an opportunity to review the documents in the file and did not object to their admission. The city police officer testified at the administrative hearing and stated the reasons he initiated the traffic stop and described the factors that led him to conclude that Ms. Noble was DUI. Counsel for Ms. Noble did not cross examine the officer, did

not present any evidence, and did not make any motions, objections or arguments.

After the hearing, the hearing examiner made a finding that the city police officer had reasonable grounds to stop, and probable cause to arrest, Ms. Noble. The hearing examiner also found that Ms. Noble "committed an offense described in West Virginia Code § 17C–5–2, in that [she] drove a motor vehicle in this state while under the influence of alcohol." Based on the hearing examiner's findings, the Commissioner entered a Final Order suspending Ms. Noble's driver's license for six months effective July 5, 2007.

Ms. Noble thereafter filed an appeal in the Circuit Court of Kanawha County. In her appeal, Ms. Noble asserted that the Commissioner is required, pursuant to *W.Va.Code*, 17C–5A–1(c), to make findings that a municipal DUI ordinance has the same substantial elements as an offense described the state DUI statute, *W.Va.Code*, 17C–5–2.[2] If the municipal ordinance does not, then Ms. Noble argued–under *W.Va.Code*, 17C–5–11–that the municipal ordinance was "null and void." [3] For the first time, Ms. Noble argued to the circuit court that because the city police officer did not introduce a copy of the municipal ordinance into the record before the hearing examiner, the hearing examiner had no basis to conclude that she had driving under the influence of alcohol in a way "described in West Virginia Code § 17C–5–2" or that the Ronceverte municipal DUI ordinance had the same elements as the state DUI law.

Upon reviewing the findings of the hearing examiner, in an order entered November 16,

---

**1.** After the hearing, on April 23, 2007, Ms. Noble was convicted of DUI in violation of Ronceverte Municipal Ordinance § 3–17–1 after entering a plea of *nolo contendere*.

**2.** *W.Va.Code*, 17C–5A–1(c) [2008] states, in pertinent part:

> If, upon examination of the written statement of the officer and the tests results ... the commissioner determines that a person committed ... an offense described in a municipal ordinance which has the same elements as an offense described in [*W.Va.Code*, 17C–5–2] ... and that the results of any secondary test or tests indicate that at the time the test or tests were administered the person had, in his or her blood, an alcohol concentration of eight hundredths of one percent or more, by weight,

... the commissioner shall make and enter an order revoking or suspending the person's license to operate a motor vehicle in this State.

**3.** *W.Va.Code*, 17C–5–11(a) [1983] states, in pertinent part:

> [E]ach and every municipal ordinance defining a misdemeanor offense of or relating to driving under the influence of alcohol or driving under the influence of intoxicating liquor or otherwise prohibiting conduct made unlawful by this article shall be null and void and of no effect unless such ordinance defines such an offense in substantially similar terms as an offense defined under the provisions of this article and such offense contains the same elements as an offense defined herein.

2007, the circuit court reversed the Commissioner's Final Order. The circuit court found that Ms. Noble had been arrested for violating a municipal DUI ordinance, but that there was no mention of the municipal ordinance, by either party, at the administrative hearing. The circuit court therefore found that there was no way for the Commissioner to have ascertained whether the municipal ordinance under which Ms. Noble was arrested had substantially the same elements as the offense of DUI set forth in *W.Va.Code*, 17C–5–2, and found that Ms. Noble could not confront the specific, lawful elements of the municipal ordinance under which she was charged. The circuit court ordered that Ms. Noble's driving privileges be reinstated.

The Commissioner now appeals the circuit court's order to this Court.

## II.

### Standard of Review

■ The Commissioner is appealing a circuit court order reversing its revocation of Ms. Noble's driver's license. This Court applies the same standard of review that the circuit court applied to the Commissioner's administrative decision, *i.e.*, we give deference to the Commissioner's purely factual determinations but give a *de novo* review to legal determinations. *See* Syllabus Point 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996) ("On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.").

## III.

### Discussion

■ On appeal, the Commissioner asserts that the circuit court erred because Ms. Noble failed to raise, before the hearing examiner, any questions regarding whether· the Ronceverte municipal DUI ordinance differed substantively from West Virginia law. The Commissioner argues that, because the issue was raised for the first time on appeal to the circuit court, the question should not

have been considered by the circuit court. We agree.

■ "Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered." *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999). *See also, Whitlow v. Board of Education*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *Konchesky v. S.J. Groves & Sons Co., Inc.*, 148 W.Va. 411, 414, 135 S.E.2d 299, 302 (1964) ("[I]t has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal."). Further, if a party fails to properly raise a nonjurisdictional "defense during [an] administrative proceeding, that party waives the defense and may not raise it on appeal." *Hoover v. West Virginia Bd. of Medicine*, 216 W.Va. 23, 26, 602 S.E.2d 466, 469 (2004), *quoting Fruehauf Trailer Corp. v. W.C.A.B.*, 784 A.2d 874, 877 (Pa.Cmwlth. 2001).

This issue was succinctly addressed by the dissent in *West Virginia Board of Medicine v. Shafer*, 207 W.Va. 636, 535 S.E.2d 480 (2000), as follows:

> In administrative proceedings such as the one at bar, the circuit court is sitting in the capacity of an appellate court. In such circumstances, it is improper for that court to consider an issue that was not initially raised below. In fact, the West Virginia Administrative Procedures Act specifically directs that a circuit court's review of an administrative proceeding
>
> > shall be conducted by the court without a jury and *shall be upon the record made before the agency,* except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken before the court. The court may hear oral arguments and require written briefs.
>
> W. Va.Code § 29A–5–4(f) (1998) (Repl. Vol. 1998) (Emphasis added).

822

*Shafer,* 207 W.Va. at 639, 535 S.E.2d at 483 (Davis, J., dissenting).

In the present case, it is undisputed that Ms. Noble's municipal ordinance argument was not raised during the administrative hearing. Ms. Noble's argument, while novel, was raised for the first time before the circuit court. In other words, Ms. Noble asked the circuit court to consider a non-jurisdictional question, outside the record made before the Commissioner, that was made for the first time on appeal. It was error for the circuit court to have granted relief and to have set aside the Commissioner's final order under these circumstances.

## IV.

### *Conclusion*

For the reasons set forth in this opinion, the November 16, 2007 order of the circuit court is reversed.

Reversed and Remanded.