**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.P.**

**No. 22-0171** (Cabell County 21-JA-43)

**MEMORANDUM DECISION**

Petitioner Mother K.S., by counsel Sara Chapman, appeals the Circuit Court of Cabell County's February 2, 2022, order terminating her parental rights to P.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sarah Dixon, also filed a response on the child's behalf in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2021, the DHHR filed a petition alleging that petitioner abused and neglected the child as a result of her substance abuse and altercations with the father in the hospital shortly after the child was born drug affected. Thereafter, the circuit court accepted petitioner's stipulation to the allegations in the petition and adjudicated her as an abusing parent. The court also granted petitioner a post-adjudicatory improvement period, which the DHHR moved to terminate shortly thereafter because of petitioner's continued positive drug screens. By November of 2021, the circuit court denied petitioner's motion to extend her improvement period due to her noncompliance, including her participation in domestic altercations with the father.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The court held a dispositional hearing in January of 2022. The DHHR presented evidence that petitioner had enrolled in several drug treatment programs but failed to complete a single one. The DHHR also showed that petitioner had missed thirty-one drug screens, missed two scheduled psychological evaluations, and continuously tested positive for illicit substances when she did submit to screens. Notably, the DHHR worker testified that petitioner reported that she did not have a substance abuse problem and that she only enrolled in drug treatment to avoid the termination of her parental rights. The worker stated that petitioner was likely to be removed from her current program and explained that considering petitioner's failure to utilize existing services, there were no additional services that could help her. Petitioner did not testify or otherwise present evidence. Ultimately, the circuit court determined that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for P.P.'s welfare to terminate petitioner's parental rights. Petitioner now appeals the February 2, 2022, dispositional order terminating her parental rights.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit erred by disallowing her from presenting evidence at the final dispositional hearing, thus depriving her of "a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses" as required by West Virginia Code § 49-4-601(h). However, petitioner mischaracterizes the record. Contrary to her assertion that it was "evident" that she planned to testify, the transcript of the final dispositional hearing makes no mention of this intent to testify. The DHHR presented its case in chief, and petitioner's counsel vigorously cross-examined these witnesses. At the close of the DHHR's evidence, petitioner did not advise the court that she had evidence to present to rebut the DHHR's evidence. Rather, petitioner remained silent. Although petitioner states in her brief

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption by the foster family.

that she subpoenaed witnesses, the court was unaware whether those witnesses would, in fact, be called by petitioner to testify. When petitioner failed to come forward and respond that she had evidence to present at the close of the DHHR's case-in-chief, the court naturally moved forward with a ruling. Petitioner was present and represented by counsel at the hearing, and petitioner needed only to alert the court that she had evidence to present. According to the record, petitioner failed to do so. As such, we find that petitioner is entitled to no relief in this regard.

Next, petitioner argues that the DHHR failed to make reasonable efforts to reunify the family. However, petitioner's arguments are belied by the record which shows that the DHHR provided numerous services to petitioner throughout her improvement period. Petitioner was provided drug screening but missed them or continued to test positive for illicit substances and missed two scheduled parental fitness evaluations. Petitioner was assisted with enrolling in several drug treatment programs, which she did not complete. Although petitioner was enrolled in an inpatient treatment program at the dispositional hearing, the DHHR presented evidence that petitioner was very likely to be removed from the program. Petitioner attended only a few parenting education and adult life skills classes and could not exercise visits with the child due to her constant fighting and altercations with the father. Petitioner ignores West Virginia Code § 49-4-610(4)(A), which provides, "[w]hen any improvement period is granted to a respondent pursuant to this section, the respondent shall be responsible for the initiation and completion of all terms of the improvement period." Most importantly, the DHHR worker testified that petitioner told her she did not have a drug problem and was only attending inpatient drug rehabilitation to close the case against her. We have explained, "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Although we are concerned with the DHHR's untimely filing of the case plan, under the specific circumstances of this case, we believe that petitioner was fully aware that achieving and maintaining sobriety was required of her. In short, petitioner completely failed to respond to the DHHR's reasonable efforts to reunify the family and, as such, cannot dispute the circuit court's findings that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. *See* W. Va. Code § 49-4-604(d)(3).[3]

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2022, order is hereby affirmed.

Affirmed.

---

[3]Petitioner also alleges that she was not properly served with the case plan. However, petitioner did not raise the alleged lack of service of the case plan prior to or during the dispositional hearing, thereby waiving the issue. *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citation omitted).

**ISSUED**: September 20, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn