**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.S., B.R., and J.R.**

**No. 22-826** (Morgan County CC-33-2022-JA-1, CC-33-2022-JA-2, and CC-33-2022-JA-16)

**MEMORANDUM DECISION**

Petitioner Father J.G.[1] appeals the Circuit Court of Morgan County's September 29, 2022, order terminating his parental rights to E.S., B.R., and J.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in January 2022 when the DHHR filed a petition alleging that the father of E.S. and B.R. was physically abusive, engaged in domestic violence, and abused drugs, among other allegations. Although there were no allegations against the children's mother and stepfather, petitioner herein,[3] at the time of the initial petition's filing, the DHHR asserted at the preliminary hearing that it could not ensure that the children's placement with the mother was appropriate because it was unable to contact her. Specifically, the DHHR indicated that a worker attempted to call the mother but calls were not returned and that "[t]here's a gate where she's residing with [petitioner]" that the worker could not get past. Additionally, the parties expressed concerns over a prior abuse and neglect proceeding involving the mother and petitioner that concerned substance abuse. Neither the mother nor petitioner appeared for the preliminary hearing, although they were represented by counsel. During the hearing, the court was able to contact the mother and petitioner by telephone and directed them to submit to drug screens that day. Both petitioner and the mother repeatedly indicated that they did not have working vehicles but would attempt to comply with the order. The record indicates that petitioner did not appear for the screen as ordered.

---

[1]Petitioner appears by counsel Jason T. Gain. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Melisha D.C. Souders appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]J.R., petitioner's biological child, was not included in the initial petition.

At the continued preliminary hearing in February 2022, the court again ordered petitioner to submit to a drug screen, which was positive for methadone, fentanyl, and marijuana. Petitioner provided a valid prescription for methadone. The court heard testimony from a DHHR worker about a visit to petitioner's home that took place the day of the initial preliminary hearing, during which the worker observed several working vehicles. The worker also saw petitioner in town later the same day despite claims that he lacked transportation.

The following month, the guardian filed a report indicating that personnel at the children's school expressed concerns about truancy, the mother's possible drug use, and the children's hygiene and medical needs. In April 2022, the court held a hearing, during which petitioner admitted that he would possibly test positive for marijuana if screened. Later that month, the DHHR filed an amended petition adding J.R. and including allegations against petitioner. Specifically, the DHHR alleged that petitioner abused drugs and was administered Narcan in the children's presence and that other individuals overdosed in the children's presence. The petition also noted that petitioner tested positive for fentanyl again in April 2022. Based on the foregoing, the DHHR alleged that petitioner abused and/or neglected the children.

At a hearing in May 2022, petitioner claimed that he did not know why he previously tested positive for fentanyl, but asserted that the drug "can now be found in and on everything." He also admitted to abusing marijuana but claimed that "someone [gave] it to him at the clinic in Virginia where it is legal." Petitioner further contended that the two oldest children lie and embellish things to get attention, including their disclosures about the conditions in the home. Following a second hearing later that month, the court found that "the use of fentanyl and addiction to drugs is abuse of all the children" and that the two older children "know way too much about drug use and are being exposed to too much which creates a health and safety risk for the children." The court also disregarded petitioner's attempts to blame his overdose and receipt of Narcan as "nothing more than too much alcohol," finding that at the time the mother used Narcan on petitioner, petitioner's "nails were purple and he was barely breathing and [the mother] felt the need to take that extra step with Narcan." The court also took into account that petitioner "tested positive for such high levels of fentanyl." Accordingly, the court concluded that petitioner abused and neglected the children.

Because petitioner challenges only his adjudication before this Court, it is sufficient to note that his parental rights to all the children were terminated by order entered on September 29, 2022.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in adjudicating him below.[5] At its essence, petitioner's extended argument boils down

---

[4]All parents' parental rights were terminated below, and the permanency plan for the children is adoption in their respective placements.

[5]Petitioner raises additional arguments concerning the requirement that he submit to drug screens and the DHHR's entry onto his property, among other issues. While petitioner argues that

to a claim that "this Court has never held that illegal drug use or abuse constitutes abuse and neglect of children." Contrary to this assertion, we recently addressed a parent's drug use at a time when a child was in their custody and reiterated that

> "because the positive drug screen result constituted clear and convincing evidence of [the father's] ingestion of methamphetamine, the circuit court did not err by adjudicating [him] as abusive and neglectful on this basis[,]" and "the circuit court needed only to rely on petitioner's recent drug abuse to both adjudicate him as an abusing parent and later to terminate his parental rights."

*In re S.C.*, -- W. Va. --, --, -- S.E.2d --, --, 2023 WL 4013444, at *5 (2023) (citations omitted). We further explained that "[o]ur position comports with the plain language of West Virginia Code § 49-1-201. The statute does not require that a parent's conduct be directed at his child or that the child suffer injury; it requires that a parent's conduct threatens his child's well-being." *Id.* (citation omitted); *see also* W. Va. Code § 49-1-201 (defining "abused child" and "neglected child," in part, as one whose health or welfare is *threatened* by certain conduct). As the circuit court in this matter found, petitioner's exposure of the children to fentanyl and abuse of that drug threatened their welfare. Further, petitioner's continued reliance on his own self-serving testimony cannot entitle him to relief, as the court clearly discounted his explanation for his receipt of Narcan as being a result of alcohol. This is a credibility determination that we refuse to disturb on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Because the evidence below was more than sufficient upon which to base petitioner's adjudication, we find no error. *See* Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (requiring the DHHR to prove "conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence]").

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

---

these actions constitute violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, he also admits that his counsel "did not object to the adjudication on" these grounds and urges the Court to apply plain error. We decline to do so, and note that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn