# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BETTE K. ANGLE,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-294**          (Cir. Ct. of Nicholas Cnty. Case No. CC-34-2023-C-AP-8)

**THB LAND MANAGEMENT, LLC,**
**Defendant Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bette K. Angle appeals the Circuit Court of Nicholas County's June 17, 2024, bench trial order which granted a judgment to Respondent THB Land Management, LLC ("THB") in the amount of $1,200 on a breach of contract claim. THB filed a summary response.[1] Ms. Angle filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Angle hired THB to complete a land survey. THB is owned by Michael Brown, a licensed surveyor. THB agreed to perform the survey work and Ms. Angle agreed to pay $1,700 up front and to pay an additional $1,700 upon completion of the final survey. Mr. Brown conducted his survey research and informed Ms. Angle where he planned to set the boundary markers for the final survey. Ms. Angle expressed that she disagreed with Mr. Brown's boundary marker locations and insisted that the boundary markers be set at locations she believed to be correct. Mr. Brown was informed by Ms. Angle through conversations and an email that she would not accept any final survey from Mr. Brown that did not use her boundary markers. Mr. Brown was unwilling to change the locations of his boundary markers. Based on his communications with Ms. Angle, Mr. Brown did not complete a final survey and sent an invoice for surveying research and other services performed up to that point. $500 was subtracted from the $1,700 invoice because a final survey was not completed. Ms. Angle refused to pay THB's $1,200 invoice and filed a lawsuit in magistrate court for breach of contract to recover the initial $1,700 she paid up front. THB counterclaimed for payment of the $1,200 adjusted invoice.

---

[1] Ms. Angle is self-represented. THB is represented by Paul S. Detch, Esq.

1

The magistrate court held a bench trial and awarded THB a judgment on its counterclaim against Ms. Angle in the amount of $1,200. Ms. Angle appealed the magistrate court judgment to the circuit court. The circuit court conducted a de novo bench trial and likewise granted a judgment to THB in the amount of $1,200. The circuit court also ordered that Ms. Angle "shall recover nothing" from THB.[2] In its June 17, 2024, bench trial order, the circuit court made the following relevant findings and conclusions:

> . . . 4. The Plaintiff testified that the Defendant made certain errors in conducting the survey. The Plaintiff is not a licensed surveyor.
> 5. The Defendant testified that he conducted the initial survey work and went back out to conduct further work. He counter-sued for $1,200.00 for all work [performed]. Michael Brown of [THB] Land Management, LLC is a licensed surveyor. The Court finds that his testimony regarding the survey and survey methods is credible.
> 6. The Court further finds that the Plaintiff's testimony regarding numerous alleged errors in the survey work is not credible.
> 7. The Plaintiff and the Defendant were given a full and fair opportunity to be heard.
> 8. The Court finds that the Defendant conducted the work in a diligent and workmanlike manner and he is entitled to the additional $1,200.00 in compensation.
> 9. The Court finds that the Plaintiff shall recover nothing because she simply disagreed with the Defendant's work.
> 10. The Court further finds that the Plaintiff failed to present sufficient evidence to support her claim of defamation.
>
> It is therefore ORDERED that the Defendant shall be granted judgment against the Plaintiff in the amount of $1,200.00 and the Plaintiff shall recover nothing from the Defendant.

Ms. Angle's appeal of the circuit court's June 17, 2024, bench trial order followed.

We review the circuit court's June 17, 2024, bench trial order under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is

---

[2] The record on appeal shows that Ms. Angle filed a new complaint in circuit court which alleged an additional claim for defamation for Mr. Brown's alleged dissemination of the contents of an alleged defamatory letter sent to him by another surveyor who previously performed survey work for Ms. Angle. The alleged defamatory letter was made a part of the record on appeal by Ms. Angle, but it was not admitted into evidence at trial.

applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Ms. Angle asserts nine assignments of error, which we will consider in turn. In the first assignment of error, Ms. Angle contends that the circuit court should have found that Mr. Brown made certain errors in conducting his survey research. Therefore, Ms. Angle argues, the circuit court should have invalidated the contract. The circuit court found that Ms. Angle's testimony at trial regarding errors in conducting research for the survey was not credible. The circuit court further found that Mr. Brown's testimony regarding the survey and the survey methods was credible. When a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." W. Va. R. Civ. P. 52(a).[3] Here, the circuit court was in the best position to judge the credibility of the witnesses. Upon review, we find nothing clearly erroneous about the circuit court's findings regarding the credibility of Ms. Angle and Mr. Brown. Because the circuit court relied on those credibility determinations in reaching the ultimate disposition of the case, we find that the circuit court did not abuse its discretion in concluding Ms. Angle owed THB $1,200 pursuant to the contract.

We further find no merit in Ms. Angle's argument that the contract was invalid because the price was unilaterally changed. Recognizing that the final survey was not completed, THB subtracted $500 from the second $1,700 invoice. Ms. Angle in fact benefitted from the unilateral change and we find that the beneficial change is not a ground to invalidate the contract here. *See* Syl. Pt. 2, *Warrior Oil & Gas, LLC v. Blue Land Servs., LLC*, 248 W. Va. 1, 886 S.E.2d 336 (2023) (discussing methodology for calculating payment for partial performance under contract).

In assignment of error two, Ms. Angle asserts that THB breached the contract because Mr. Brown's survey work did not meet the standards of a licensed surveyor. Ms. Angle offered no expert testimony at trial to establish the appropriate standards for a licensed surveyor. The only evidence Ms. Angle presented was her testimony, based on her own research, that Mr. Brown did not consider everything that a licensed surveyor should consider. The circuit court found that Ms. Angle is not a licensed surveyor and her

---

[3] The circuit court's proceedings were governed by the version of Rule 52 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 52 was amended by the Court, effective January 1, 2025, no changes were made that affect this appeal.

testimony regarding numerous alleged errors was not credible. The circuit court further found that as a licensed surveyor, Mr. Brown provided credible testimony regarding the survey and survey methods used. As we have already found in this case, the circuit court's credibility findings are not clearly erroneous. Therefore, we find that circuit court did not abuse its discretion in concluding that THB did not breach the contract based on alleged substandard surveying work.

Ms. Angle contends in assignment of error three that the circuit court erred by not allowing her to use PowerPoint to present evidence. She argues that it should have been allowed under Rule 1006 of the West Virginia Rules of Evidence. Ms. Angle inquired as the trial began if the circuit court had PowerPoint capabilities and the circuit court advised that it did not. Ms. Angle responded by stating that she had a packet of exhibits, and the circuit court advised she could present those exhibits as she presented her case. There was no further discussion on the subject and the case proceeded to trial. Rule 1006 allows for the use of summaries, charts, or calculations to prove the content of writings, recording or photographs that cannot be conveniently examined in court. W. Va. R. Evid. 1006. Ms. Angle's reliance on Rule 1006 is misplaced. The circuit court was not ruling on the admissibility of the PowerPoint's contents. The circuit court was merely informing Ms. Angle that the court was unable to accommodate her technology request. Circuit courts have broad discretion on how to run their courtrooms. We find that the circuit court did not erroneously deny Ms. Angle's last-minute request to use a PowerPoint presentation at the trial.

In assignment of error four, Ms. Angle claims that the circuit court erroneously found that Ms. Angle's testimony was not credible because she is not a licensed surveyor. However, as we have already determined, the circuit court's credibility findings are not clearly erroneous. Thus, we find no merit to Ms. Angle's argument under this assignment of error.

Ms. Angle raises several issues for the first time on appeal under assignments of error five, six, and eight. She asserts in assignment of error five that the circuit court erred in allowing testimony regarding a survey that was forbidden to be disseminated, violating the stare decisis doctrine. In assignment of error six, Ms. Angle claims that the circuit court erred in allowing THB to present a counterclaim that was not properly filed with the court. Ms. Angle claims in assignment of error eight that the circuit court erred in not allowing her to fully participate in the trial due to "rudeness and intimidation of the judge and by ignoring Ms. Angle's disability." These three issues were not raised below, and we decline to consider them for the first time on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions ... raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal).

4

In assignment of error seven, Ms. Angle contends that the circuit court erred in finding insufficient evidence of defamation based on Mr. Brown's alleged dissemination of information provided to him about Ms. Angle from another surveyor. The elements of a defamation action involving a private individual in West Virginia are: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Belcher v. Wal–Mart Stores, Inc.*, 211 W. Va. 712, 719, 568 S.E.2d 19, 26 (2002) (per curiam) (quoting Syl. Pt. 1, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983)). Based on our review of the record, we find that Ms. Angle did not present evidence at trial that would establish any of these elements and presented no evidence of damages.[4] Therefore, we find that the circuit court did not abuse its discretion in disposing of the defamation claim for insufficient evidence.

Ms. Angle asserts plain error as "possible" assignment of error nine but does not develop her argument any further in her brief or reply. We decline to address this argument because it is not supported with citations to the record or pertinent authority and Ms. Angle gives the argument only cursory treatment. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("[I]ssues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

Based on the foregoing reasons, we affirm the Circuit Court of Nicholas County's June 17, 2024, bench trial order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] The only allegedly defamatory statement Ms. Angle identifies in her brief is a description of her as the "client from hell." However, she acknowledges that this was a statement by another surveyor—who is not a party to this case—in a letter to Mr. Brown. While Ms. Angle claims that Mr. Brown told another surveyor about the letter, she does not point to any evidence that Mr. Brown adopted or endorsed this allegedly defamatory statement.

5