# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: K.P. & V.P.**

**No. 15-0146** (Gilmer County 14-JA-13 & 14-JA-14)

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother H.P., by counsel Bryan S. Hinkle, appeals the Circuit Court of Gilmer County's January 20, 2015, order terminating her parental rights to K.P. and V.P. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda C. Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without granting her an improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition alleging that the children's father sexually abused his eleven-year-old daughter, K.P., and that petitioner knew of the sexual abuse but failed to report the same due to her fear of the children's father. In July of 2014, the circuit court held an adjudicatory hearing as to petitioner. At that hearing, petitioner stipulated to her failure to protect the children from their father's sexual abuse. Based on the stipulation, the circuit court found that K.P. told petitioner about the sexual abuse two years before the petition's filing, but that petitioner failed to report the same despite her knowledge of it. The circuit court found that petitioner was an "abusing and neglectful" parent and the children were abused and neglected children.

In September of 2014, the circuit court held a dispositional hearing. The DHHR presented the testimony of Dr. Timothy Saar, an expert in the field of psychology. After interviewing petitioner, Dr. Saar testified that, in his professional opinion, she was unlikely to correct the conditions that led to her failure to protect K.P. from sexual abuse. Although Kathy

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

Wise, a therapist who worked with petitioner, recommended that petitioner receive an improvement period, the circuit court specifically found that Ms. Wise's testimony was not as credible as Dr. Saar's. The circuit court also heard evidence from the foster mother, petitioner, petitioner's sister, and a friend of petitioner's family. At the conclusion of that evidence, petitioner moved for an improvement period. The circuit court took the matter under advisement, and, by order entered on January 20, 2015, it found that there was no likelihood that petitioner could substantially correct the conditions of neglect or abuse in the foreseeable future and that the children's best interests required termination. For those reasons, the circuit court terminated petitioner's parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of her parental rights to the children without granting her an improvement period. West Virginia Code §§ 49-6-12(b) and -12(c) provide circuit courts discretion in ruling on motions for improvement periods. The evidence introduced at the dispositional hearing supports the circuit court's decision to deny petitioner an improvement period. The circuit court heard evidence from a licensed psychologist that petitioner was unlikely to substantially correct the conditions of abuse and neglect in the near future given that she knew of the abuse for years and did nothing to correct it. Although petitioner points out that Ms. Wise testified contrary to Dr. Saar with regard to whether petitioner's parental rights should be terminated, we have long explained that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *see also In re: Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (stating that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." (citations omitted)). Based on the record before us, we find no error in the circuit court's order terminating petitioner's parental rights. Given that the circuit court found that the conditions of abuse and neglect could not be substantially corrected in the near future, we also find no error in the circuit court's

determination that termination was in the children's best interests. Children deserve permanency in a safe home free from the abuses at issue in this matter.

Further, we note that, although petitioner argues that it is unclear from the evidence presented whether petitioner actually knew of the sexual abuse because K.P. recanted her initial accusation, petitioner admitted that she knew of the sexual abuse. The record on appeal clearly indicates that she admitted to paragraph (G) of the abuse and neglect petition, which states, in relevant part, that she "failed to report the abuse although knowing her daughter was being sexually abused by the Adult Respondent Father."

Finally, to the extent petitioner asserts a claim that she was a battered parent due to domestic violence present in the home, petitioner fails to indicate when and how she placed this issue before the circuit court. We have often stated that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Further, "[g]enerally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). *See also* R. App. P. 10(c)(7) (stating that a petitioner's argument "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). Therefore, as the issue is not properly before this Court, we do not address this argument.

For the foregoing reasons, we find no error in the circuit court's January 20, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II