# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **G.R.**

**No. 15-1200** (Mingo County 14-JA-36, 14-JA-37, & 14-JA-48)

## MEMORANDUM DECISION

Petitioner Mother D.R., by counsel Jonathan Jewell, appeals the Circuit Court of Mingo County's November 13, 2015, order terminating her parental rights to G.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Diana Carter Wiedel, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her an improvement period, disregarding the statutory timeframes for abuse and neglect proceedings, and proceeding to termination without requiring the DHHR to use reasonable efforts to reunify the family.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition against the parents after receiving a referral that twelve-year-old G.R. disclosed sexual abuse by V.H., an individual who lived in the home and who is a registered sex offender. According to the petition, G.R. lived with petitioner until March of 2013, at which point petitioner contacted the father and told him to take custody of the child. At the time the petition was filed, G.R. lived with her father. However, the petition further alleged that G.R. suffered sexual abuse while in petitioner's care. In fact, the child disclosed that petitioner forced her to engage in sex acts with others. On May 12, 2014, G.R. contacted Child Protective Services ("CPS") and made further disclosures about sexual abuse by her father and brother. G.R. also indicated that petitioner forced her to perform sex acts

---

[1]The proceedings below concerned additional children that are not petitioner's biological children. On appeal, petitioner raises no argument in regard to these additional children and, as such, they are not the subject of this appeal.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

upon petitioner and G.R.'s grandmother in return for favors. At this time, CPS communicated with staff at Highland Hospital where G.R. was a patient. According to staff, they felt strongly that G.R. had been treated as a sex slave. The DHHR subsequently filed an amended petition that included allegations that petitioner exploited G.R. and subjected her to sexual abuse.

That same month, the circuit court held a preliminary hearing, during which it found probable cause to believe that the child was abused or neglected and imminent danger sufficient to necessitate her removal from the home. Thereafter, the DHHR filed two additional amended petitions that included more detailed facts regarding the allegations of abuse at issue.

The circuit court held the first of several adjudicatory hearings in November of 2014. Thereafter, the matter was reconvened for purposes of adjudication in December of 2014, April of 2015, and May of 2015. According to the record, these hearings were continued for several reasons, including to obtain a Spanish-speaking translator to interpret testimony from two of the other children; upon an agreed continuance by the parties to discuss the allegations in the third, amended petition; and upon the father's counsel's objection to G.R.'s therapist's testimony absent certain reports and notes that necessitated cross-examination on a different date. During these hearings, the circuit court permitted G.R. to testify via closed-circuit television and in camera. The circuit court also heard testimony from G.R.'s therapist. At the conclusion of the adjudicatory hearings, the circuit court found that petitioner failed to protect G.R. and, further, that she appeared to be under the influence during the proceedings. As such, the circuit court found that petitioner was not a credible witness. The circuit court additionally denied petitioner's motion for an improvement period.

In October of 2015, the circuit court held a dispositional hearing. The circuit court specifically found that, although she knew the father forced the children to perform sex acts with one another and others, petitioner failed to protect G.R. Ultimately, the circuit court terminated petitioner's parental rights to G.R. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, the Court finds no error in the circuit court denying petitioner's motion for an improvement period. Pursuant to West Virginia Code § 49-6-12, a circuit court may grant an improvement period when it finds that the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Upon our review, it is clear that petitioner failed to satisfy this burden. Specifically, the record shows that petitioner failed to introduce evidence to satisfy this burden. In moving for an improvement period, petitioner simply stated that "she prays that the [c]ourt grant her an improvement period" without providing any supporting evidence that she would substantially comply with the terms thereof. Moreover, the record lacks any further evidence that establishes petitioner could meet this burden in any way. In fact, on appeal to this Court, petitioner provides no argument that she could satisfy this burden. Instead, she simply argues that she should have been entitled to an improvement period because of the protracted nature of the proceedings. The Court, however, does not agree, as the duration of the abuse and neglect proceedings has no bearing on petitioner's ability to satisfy the requisite burden for obtaining an improvement period. Because petitioner could not establish that she would substantially comply with the terms of an improvement period, we find no error in the circuit court denying her motion.

Further, the Court finds no error in the procedural delays below. Specifically, petitioner alleges that the adjudicatory hearing did not commence within one month of the order following the preliminary hearing, as required by the applicable rules governing abuse and neglect proceedings. Specifically, petitioner argues that Rule 25 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that "[w]hen a child is placed in the temporary custody of the [DHHR] . . . , the final adjudicatory hearing shall commence within thirty . . . days of temporary custody order entered following the preliminary hearing . . . ." According to petitioner, the final adjudicatory hearing did not commence until almost one year after the entry of the preliminary hearing order. As such, she argues that her due process rights were violated by the circuit court's failure to adhere to the appropriate timeframes. The Court, however, does not agree.

Petitioner's argument on appeal totally ignores the complex issues involved in the proceedings and the fact that any delay was a direct result of the circuit court dealing with the unusual and highly sensitive facts below. The record is clear that the adjudicatory hearing at issue was continued several times and that each continuance was based on good cause. For instance, one adjudicatory hearing was continued because the DHHR filed an amended petition shortly before the scheduled hearing based upon additional information obtained from the children. Moreover, it is important to note that information from the children came forth slowly based, in part, upon the fact that the other two children spoke only Spanish, necessitating a translator. The record further reflects that at least two adjudicatory hearings were rescheduled as a result of issues regarding the children's in camera testimony and technical issues surrounding video conferencing capabilities in the courtroom. Finally, the record shows that further delay was caused by the fact that another respondent parent is a citizen of the Nation of Mexico, which created issues in regard to holding hearings in this matter.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Contrary to petitioner's argument that the circuit court disregarded the applicable time frames for abuse and neglect proceedings, the record is clear that good cause existed for the delays below. As such, under the specific facts of this case, we find that the circuit court did not substantially disregard or frustrate the process established for such proceedings such that vacation of the dispositional order is warranted. Moreover, the record is clear that petitioner did not object to any of the continued adjudicatory hearings below and suffered no actual prejudice as a result of the delay. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009). For these reasons, petitioner is entitled to no relief in this regard.

Finally, the Court finds no error in regard to petitioner's argument that the circuit court erred in proceeding to disposition without requiring the DHHR to make reasonable efforts to reunify the family. Specifically, petitioner argues that the DHHR conceded that the case against her did not constitute aggravated circumstances and, as such, it was required to provide services designed to remedy the conditions of abuse and neglect in the home. The Court, however, does not agree. Pursuant to West Virginia Code § 49-4-604(b)(7)(A),

> [f]or purposes of the [circuit] court's consideration of the disposition custody of a child . . . , the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include, but are not limited to, abandonment, torture, chronic abuse and sexual abuse . . . .

Petitioner relies on testimony from a DHHR employee to establish that the DHHR did not consider the case against her to be one that constituted aggravated circumstances and, erroneously, argues that she was entitled to services. However, petitioner's argument ignores the fact that West Virginia Code § 49-4-604(b)(7)(A) requires a circuit court to make such a determination.

In this case, the circuit court specifically found that

4

[the father] forced the subject-children to perform sexual acts with one another and others; that the subject-children are terrified of him; that he permitted the subject children to be violated sexually; that he promoted the sexual abuse of the subject-children; and that he took one of the subject children to have an abortion[.]

As to petitioner, the circuit court specifically found that she failed to protect G.R. from these actions, "despite having reason to know of" the father's extensive, chronic, sexual abuse. Based upon these findings, it is clear that petitioner subjected the children to aggravated circumstances in that she knowingly sent the child into the father's custody even though she had reason to know of the conditions in his home. For these reasons, the DHHR was not required to make reasonable efforts to return G.R. to petitioner's home, and we find no error in the circuit court proceeding to disposition in the absence of such efforts.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 13, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II