## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* S.P., M.S., and E.S.

No. 19-0140 (Cabell County 18-JA-2, 18-JA-4, and 18-JA-5)

FILED

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.W., by counsel Cathy L. Greiner, appeals the Circuit Court of Cabell County's January 16, 2019, order terminating her parental rights to S.P., M.S., and E.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Allison K. Huson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that her actions subsequent to the dispositional hearing rendered termination of her parental rights erroneous.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner tested positive for cocaine upon delivery of S.P. and had prior positive screens for Subutex, cocaine, and opiates during pregnancy. As a result of petitioner's drug abuse, the child was born drug exposed. Additionally, the petition alleged that petitioner admitted she was homeless. Petitioner thereafter waived her right to a preliminary hearing and then stipulated to adjudication on the basis that her substance abuse negatively affected her ability to parent the children.

At a hearing in April of 2018, the circuit court found that petitioner was substantially compliant with the terms of her case plan and granted her an improvement period. However, at a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

review hearing in August of 2018, the circuit court found that petitioner was minimally compliant with the terms of her improvement period, given her continued use of cocaine, failure to undergo drug screening, and an overdose in June of 2018, among other issues. At a review hearing in September of 2018, the circuit court terminated petitioner's improvement period due to noncompliance.

The circuit court held a dispositional hearing in November of 2018. Petitioner did not attend, but was represented by counsel. A DHHR employee testified to petitioner's noncompliance with services and that petitioner's last contact with the DHHR was approximately five months prior to the hearing. Accordingly, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that her entry into substance abuse treatment in December of 2018, approximately one month after the dispositional hearing in this matter, warrants reconsideration of the termination of her parental rights. According to petitioner, because she has maintained her sobriety since entering the program, "she should be given additional time in which to rectify the . . . conditions" of abuse and neglect. We find, however, that this argument cannot be considered on appeal as it was not – and, in fact, could not have been – presented to the circuit court during the proceedings below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Moreover, because petitioner provides no argument regarding how she contends the circuit court's disposition in this matter was erroneous, she is entitled to no relief. *See* W. Va. R. App. Pro. 10(c)(7) (requiring that "[t]he

---

[2]In addition to the termination of petitioner's parental rights, the parental rights of the father of S.P. were also terminated below, while the parental rights of the nonabusing father of M.S. and E.S. remain intact. The permanency plan for S.P. is adoption in her current foster home, while M.S. and E.S. will remain in their father's custody.

argument [in a petitioner's brief] must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal").

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 16, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison