**STATE OF WEST VIRGINIA**

*In re* **H.T.**

**No. 19-0302** (Taylor County 18-JA-31)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**


Petitioner Mother K.B., by counsel Katica Ribel, appeals the Circuit Court of Taylor County's January 24, 2019, order terminating her parental rights to H.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also argues the circuit court erred in denying her a post-dispositional improvement period. However, in contravention of our Rules of Appellate Procedure, petitioner does not cite to the record to show where she requested such an improvement period. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). As petitioner has failed to provide any citation to the record to establish that she requested a post-dispositional improvement period, we will not consider this assignment of error. Petitioner assigns no additional error to the termination of her parental rights.

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner could not provide for the basic needs of newborn H.T. and did not have a safe or stable living environment for the child. The DHHR alleged that petitioner's inability to care for the child potentially stemmed from mental illness. Further, the DHHR alleged that petitioner was unable to feed the child during observation in the hospital and wanted the child returned to the hospital nursery because "she couldn't handle it with everything going on." Upon return to the nursery, hospital staff estimated the child had not eaten in six hours. The DHHR further alleged that petitioner indicated that she intended to travel with the child to Oklahoma in order to visit family. The DHHR attempted to initiate a protection plan that required petitioner to remain in West Virginia to assess her ability to properly care for the child. However, according to the DHHR, petitioner continued to plan to travel to Oklahoma and the DHHR initiated an emergency removal of the child from petitioner's custody. Later, petitioner waived her preliminary hearing.

The circuit court held two adjudicatory hearings in March of 2018 and April of 2018. The evidence showed that petitioner and the father were living in a "fifth wheel" camper, which used a generator for electricity and heat but lacked running water or a safe place for the child to sleep. Petitioner's inability to care for the child was supported by testimony from the father and a DHHR worker, who both observed petitioner's inability to feed the child while at the hospital despite prompting and directions provided by hospital staff. Additionally, the father expressed concern regarding petitioner forgetting to take her medication and believed that it was a serious problem. The father testified that petitioner attempted suicide while pregnant and was hospitalized as a result. Petitioner admitted that she attempted suicide but explained that her medications were adjusted and she was released from the hospital after a week. Petitioner asserted that she could care for the child without any additional assistance and did not need services.

Ultimately, the circuit court found that petitioner suffered from long-term mental health issues and administered improper care to the child despite instruction by hospital staff. Accordingly, the circuit court adjudicated petitioner as an abusing parent and the child as an abused and neglected child. Subsequently, petitioner was granted a post-adjudicatory improvement period, and the circuit court ordered that she participate in a mental health examination and parental fitness evaluation as terms of that improvement period.

In August of 2018, the circuit court held a hearing on the guardian's motion to terminate petitioner's improvement period. The circuit court heard evidence that petitioner was noncompliant with services and failed to report to scheduled evaluations. Additionally, evidence showed that petitioner continued to insist that the allegations and testimony regarding her care of the child were false. Evidence was introduced that petitioner failed to follow directives during supervised visitations and, in one instance, caused the child to become ill after placing "four [] heaping spoonfuls of cereal into the [infant's] formula . . . and feeding the mix to him." Based on this evidence, the circuit court terminated petitioner's post-adjudicatory improvement period.

2

The circuit court held two dispositional hearings in December of 2018 and January of 2019. Petitioner did not appear for either hearing, but was represented by counsel. Petitioner's counsel explained that she moved to Oklahoma for financial reasons in October of 2018. The DHHR noted that petitioner had not participated in the case for "a few months," but did call the DHHR case worker to inquire about the child. The DHHR worker testified that petitioner failed to "achieve many of the goals of her case plan" in that she had not met her own mental health needs, completed parenting and adult life skills classes, or obtained suitable housing. Further, the worker opined that petitioner moved to Oklahoma to reside with a woman who concealed petitioner's sister's child from the West Virginia DHHR. Petitioner's visitation supervisor testified that petitioner exhibited some appropriate behaviors during visitation, but had also improperly fed the child causing illness on two occasions, failed to prepare a diaper bag, and fell asleep during visitation. The visitation supervisor opined that petitioner would need twenty-four hour supervision to ensure that the child was not in danger.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future due to her noncompliance with services. Additionally, the circuit court found that termination was necessary for the welfare of the child because petitioner could not adequately care for the child. Accordingly, the circuit court terminated petitioner's parental rights by its January 24, 2019, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. In petitioner's limited legal analysis, she asserts that the circuit court must consider her compliance with her improvement period prior to revocation. Petitioner further takes

---

[3]The father voluntarily relinquished his parental rights during the proceedings below. According to the parties, the permanency plan for the child is adoption in his current placement.

issue with the circuit court's denial of supervised visitations following the revocation of her improvement period. Upon review, we find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(7) provides that "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Further, it is within "the court's discretion to terminate the improvement period before the . . . time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). Petitioner is correct that the circuit court must consider her compliance prior to terminating her improvement period; however, petitioner was not complying with services for the four months of her improvement period. The circuit court found that petitioner missed multiple appointments for her evaluations; failed to follow directives during supervised visitations; and, most concerning, consistently denied the allegations contained in the petition. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, petitioner lacked sufficient insight to remedy her poor care of the child. This is supported by petitioner's failure to implement instruction from the visitation supervisor. Accordingly, petitioner's improvement period became futile and only resulted in discomfort and illness for the child. Considering petitioner's failure to comply with services and denial of the allegations of which she was adjudicated as an abusing parent, we find no error in the circuit court's termination of petitioner's post-adjudicatory improvement period. Further, in regard to petitioner's argument concerning the denial of visitation subsequent to the revocation of her improvement period, Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "the court may make such provision for reasonable visitation . . . consistent with the child's well-being and best interests." As petitioner's conduct harmed one-year-old H.T. and could not be remedied through proper instruction, we find no error in the circuit court's denial of continued visitation and find such denial was in the child's best interest.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison