# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.L.**

**No. 20-0018** (Webster County 19-JA-23)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.L., by counsel Jared S. Frame, appeals the Circuit Court of Webster County's December 29, 2019, order terminating his parental rights to T.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner in July of 2019 due to allegations of drug abuse. Specifically, the DHHR alleged that the child tested positive for amphetamine, methamphetamine, buprenorphine, and norbuprenorphine at birth and that petitioner did not visit the child at the hospital until five days after the birth. The DHHR also alleged that petitioner's parental rights to an older child were previously terminated. Thereafter, the circuit court held an adjudicatory hearing. Petitioner failed to attend but was represented by counsel. The circuit court adjudicated petitioner as an abusing parent by order entered September 30, 2019.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In November of 2019, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. A Child Protective Services ("CPS") worker testified that petitioner failed to maintain contact with her throughout the proceedings. The CPS worker also noted that petitioner was incarcerated for a brief period of time after the petition's filing but had since been released. Nevertheless, petitioner failed to contact anyone at the DHHR about services and had not visited the child except for one time at the hospital after the child's birth. At the close of evidence, the circuit court noted that petitioner's parental rights to an older child were previously terminated due to substance abuse. The circuit court found that petitioner failed to appear during the proceedings and terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare. Petitioner appeals the December 29, 2019, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without granting him an improvement period. According to petitioner, the CPS worker testified that she did not have contact with petitioner during the proceedings below, and the circuit court erred in denying him an improvement period "without at least attempting to determine if [he] could participate." Petitioner also claims that he was not given the opportunity to bond with the infant child and should have been granted an improvement period to facilitate that bonding. Having reviewed the record, we find no error.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . .

---

[2]The mother voluntarily relinquished her parental rights during the proceedings below. The permanency plan for the child is adoption by the foster family.

. .”). West Virginia Code §§ 49-4-610(2)(A) and (B) provide that a circuit court may grant a post-adjudicatory improvement period when a parent (1) requests an improvement period in writing and (2) demonstrates by clear and convincing evidence that he or she is likely to fully participate in the improvement period.

On appeal, petitioner fails to demonstrate that he requested an improvement period during the proceedings below. Indeed, in his brief, petitioner states that "he could not request an improvement period."[3] "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Moreover, to the extent petitioner argues that the circuit court should have unilaterally granted him an improvement period, we remind petitioner that "it is clear that West Virginia Code § 49-4-610(2)(B) places the burden squarely on a parent to establish, by clear and convincing evidence 'that the [parent] is likely to fully participate' in order to obtain a post-adjudicatory improvement period." *In re E.C.*, No. 19-0834, 2020 WL 2043399, at * 4 n.5 (W. Va. Apr. 28, 2020)(memorandum decision). Therefore, it was petitioner's burden to prove that he was entitled to an improvement period. However, he failed to request an improvement period and did not present any evidence in support of the same. Therefore, we will not consider this claim.

Further, we find that there was no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) (2019)[4] provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c) (2019) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

Here, petitioner absented himself from the entirety of the proceedings. There is no evidence that petitioner appeared at a single hearing during the proceedings below despite having actual knowledge and notice of the hearings. Based on petitioner's complete absence, coupled with the prior termination of his parental rights to an older child, the circuit court found that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the child's welfare. We agree.

Moreover, to the extent petitioner argues that he should have been granted a post-adjudicatory improvement period prior to the termination of his parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less

---

[3]Petitioner provides no explanation for why he "could not request an improvement period."

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011).  Based on the foregoing, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 29, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison