# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.K.**

**No. 22-0415** (Mercer County 20-JA-100)

## MEMORANDUM DECISION

Petitioner Mother T.W.[1] appeals the Circuit Court of Mercer County's May 17, 2022, order terminating her parental, custodial, and guardianship rights to R.K.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHHR filed a child abuse and neglect petition alleging that petitioner tested positive for methamphetamine at the time R.K. was born in August of 2020 and that petitioner admitted to methamphetamine use. The DHHR initially implemented a temporary protection plan that permitted petitioner to return home with the child, under supervision, but petitioner tested positive for methamphetamine on September 22, 2020. As a result, the DHHR took emergency custody of the child, filed the instant petition, and placed R.K. with his maternal grandmother.

Petitioner stipulated to the allegations contained in the petition in November of 2020, and the circuit court adjudicated her as an abusing parent. The court granted petitioner an improvement period, the terms of which included random drug screening, substance abuse treatment, supervised visitation with the child, a parental fitness evaluation, mental health treatment, and parenting and adult life skills classes. Petitioner was also required to maintain suitable housing and a stable income.

---

[1]Petitioner appears by counsel Gerald R. Linkous. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. P. Michael Magann appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

The circuit court held the final dispositional hearing in June of 2021. Petitioner did not appear, but her counsel appeared on her behalf. The circuit court heard testimony from a DHHR worker, petitioner's service provider, and a representative from the drug screening facility where petitioner was ordered to participate in random drug screening. The DHHR presented evidence that petitioner had not completed the terms of her family case plan. It reported that petitioner continued to test positive for controlled substances and failed to follow through with mental health treatment. Petitioner presented no evidence.

Ultimately, the circuit court terminated petitioner's parental, custodial, and guardianship rights by an order entered on June 23, 2021. The court vacated and re-entered the order for the purpose of appeal on September 14, 2021. Petitioner appealed the second order, and this Court found that the circuit court failed to make sufficient findings of fact and conclusions of law in the order or on the record to support its decision to terminate petitioner's parental rights. We vacated the circuit court's September 14, 2021, order and remanded it for entry of a new order. *See In re R.K.*, No. 21-0748, 2021 WL 1115258 (W. Va. Apr. 14, 2022)(memorandum decision).

The circuit court entered a subsequent order on May 17, 2022, wherein it found that petitioner failed to complete multiple terms of her improvement period. According to the circuit court, petitioner failed to obtain suitable housing, failed to seek mental health treatment, and continued to abuse controlled substances. The circuit court also found that petitioner attended and failed to complete two drug treatment programs. The court determined that petitioner habitually abused and was addicted to controlled substances to the extent that her parenting skills were seriously impaired, and that petitioner had not followed through with the recommended treatment which could have improved her capacity for adequate parental functioning. The circuit court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of petitioner's parental, custodial, and guardianship rights was necessary for the welfare of R.K. Petitioner now appeals the circuit court's May 17, 2022, order, terminating her parental, custodial, and guardianship rights.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Rather than challenge the circuit court's findings on appeal, petitioner argues that the circuit court again erred in failing to include requisite findings. Specifically, petitioner asserts that the circuit court failed to make findings on the record during a status hearing held after this Court vacated and remanded the circuit court's September 14, 2021, order. However, contrary to petitioner's argument, there is no authority that requires the circuit court to set forth findings on the record. Instead, Rule 36 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings allows circuit courts to make findings of fact and conclusions of law "in writing or on the record."

_____

[3]The father's parental, custodial, and guardianship rights were also terminated below. According to the parties, the permanency plan for the child is adoption by the maternal grandmother.

2

Upon our review, we find that the circuit court's May 17, 2022, order contains sufficient findings of fact and conclusions of law to support the circuit court's termination of petitioner's parental rights. The order on appeal clearly provides that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future due to petitioner's habitual substance abuse and her failure to fully comply with the family case plan. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings); *see also id.* § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "failed to follow through with a reasonable family case plan"). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental, custodial, and guardianship rights to the child. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

Finally, petitioner argues that the circuit court erred in failing to address post-termination visitation on remand. We noted in our prior decision that petitioner failed to raise the issue of post-termination visitation before the circuit court, and we stated that it was in the circuit court's discretion to address visitation on remand. *R.K.*, No. 21-0748, 2022 WL 1115258, at *3; *accord* Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) ("When parental rights are terminated due to neglect or abuse, the circuit court *may* nevertheless in appropriate cases consider whether continued visitation . . . is in the best interest of the child." (emphasis added)). Petitioner failed to raise post-termination visitation at the status hearing following this Court's vacation of the September 14, 2021, dispositional order. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we decline to address the issue of post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 17, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn