# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR MEDICAL SERVICES,**
**Respondent Below, Petitioner**

**v.)  No. 23-ICA-147**    (Bd. of Rev. No. 23-BOR-1094)

**MARA FORLOINE,**
**Appellant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bureau for Medical Services for the West Virginia Department of Health and Human Resources ("BMS") appeals the March 14, 2023, decision of the West Virginia Department of Health and Human Resources' Board of Review ("Board"). Respondent Mara Forloine ("Respondent") filed a timely response.[1] BMS filed a reply.

The issue on appeal is whether the Board erred in reversing Aetna's[2] denial of certain Medicaid benefits and covered services. The Board found that the Respondent's requested services, specifically frontal cranioplasty, hairline advancement, and orbital rim recontouring, were covered procedures as they were medically necessary.[3]  BMS now appeals the Board's decision.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's March 14, 2023, decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

---

[1] Bureau for Medical Services is represented by Patrick Morrisey, Esq., Michael R. Williams, Esq., and Gary L. Michels, Esq. Mara Forloine is represented by Lydia C. Milnes, Esq. and Lesley M. Nash, Esq.

[2] Aetna is a Managed Care Organization, designated through BMS's authority to assist in the administration of Medicaid benefits.

[3] The Board affirmed Aetna's denial of a non-covered brow lift procedure, which is not subject to this appeal.

1

Respondent is a thirty-seven-year-old Medicaid recipient who requested payment for surgical procedures to address her gender dysphoria. In December of 2022, Jesse Goldstein, M.D., a plastic and craniofacial surgeon at the Children's Hospital of Pittsburgh, faxed Aetna a prior-authorization request form for Respondent. The request sought authorization for four facial procedures for Respondent: frontal cranioplasty, brow lift, hairline advancement, and orbital rim recontouring. Aetna denied the prior-authorization request on the basis of Respondent's lack of medical necessity for what it determined were cosmetic procedures. In January of 2023, Respondent appealed this denial through Aetna's internal appeal process. Respondent argued that the surgeries are to treat gender dysphoria, citing certain standards from the World Professional Association for Transgender Health ("WPATH"). In connection with that appeal, Dr. Goldstein submitted a letter stating that the procedures were medically necessary. Dr. Goldstein attached a letter from Catherine Mereb, M. Ed., Respondent's treating psychologist in Montreal, Canada. Ms. Mereb's letter also suggested the procedures were medically necessary. Aetna's appeal committee, consisting of the Director of Regulatory Affairs, Senior Manager of Corporate Compliance, Chief Operations Officer, Managers of Clinical Health Services, and Clinical Team Leads, considered, and denied Respondent's appeal. The appeal committee determined these surgeries to be non-covered procedures under the Medicaid policy manual. Respondent appealed to the Board.

State Hearing Officer Todd Thornton conducted a hearing in late February of 2023. At the hearing, Respondent argued that the denial violated a federal District Court injunction in *Fain v. Crouch*, 618 F. Supp.3d 313 (S.D. W. Va. 2022), that the treatment was medically necessary (particularly in light of the WPATH Standards of Care), that BMS' policies make an inappropriate distinction between cosmetic and non-cosmetic procedures, and that Aetna had previously informed Respondent that the procedures would be approved. In rebuttal, BMS offered no evidence regarding the medical necessity of the procedures, and no expert testimony of any kind. BMS failed to raise any issue regarding coverage conditions or the effect of the failure of the Respondent to comply with such conditions.[4] In its March 14, 2023, order, the Board concluded that the evidence on the record established the medical necessity for three of the surgical procedures. The Board concluded that BMS was incorrect in denying the procedures simply because they were cosmetic without offering any evidence disputing the alleged medical necessity. The Board ordered BMS to cover all the procedures except the brow lift, as it was expressly listed in the BMS Policy Manual as a non-covered procedure. BMS filed this timely appeal.

_____

[4] BMS and the Department of Health and Human Resources ("DHHR") appeared at the State Hearing Officer's evidentiary hearing without counsel and only provided the following five exhibits: (1) Policy Chapter for Gender Affirming Surgery, (2) Initial Authorization Form, (3) Initial Denial From Aetna, (4) Written Statement of Appeal and Medical Records, and (5) Final Denial From Aetna. The record reflects that without an attorney present, BMS and DHHR were not permitted to cross-examine the Respondent's testimony and did not provide closing arguments.

On June 23, 2023, while this appeal was pending, Respondent filed a federal civil action in the Southern District of West Virginia, seeking a preliminary injunction requiring BMS and Aetna to implement the March 14, 2023, decision. On August 1, 2023, the District Court entered a Memorandum Opinion and Order, granting the preliminary injunction to Respondent. In considering the overriding federal issues presented, the District Court concluded that BMS' federally approved hearing system designated the Board as the final decisionmaker for the Medicaid agency; that under federal law, the decision was "binding and conclusive" upon the agency; and that federal law could bar the state Medicaid agency from appealing its own final agency action. *Forloine v. Coben*, No. 3:23-0450 (S.D. W. Va. Aug. 1, 2023).

Our standard of review is set forth in West Virginia Code § 29A-5-4(g) (2021), in part, as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Although findings and decisions are entitled to considerable deference, reviewing courts are not required to "rubber stamp" agency determinations, "even when credibility assessments are at issue." *Id.* at 447, 473 S.E.2d at 488. In reviewing agency decisions, courts must determine not just whether the decision is supported by "substantial evidence," but "whether its findings and conclusions were adequately explained." *Id.* at 446, 473 S.E.2d at 487. An appeal of a decision as to the conclusions of law and application of law to the facts is reviewed de novo. *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000). With this standard in mind, we consider the issues raised on appeal.

On appeal, BMS alleges four points of error: first, that the Board should not have heard Respondent's administrative appeal because it did not have authority to hear a claim

concerning non-covered Medicaid services; second, that the Board erred in concluding that Respondent established, by a preponderance of the evidence, that the surgical procedures were medically necessary; third, that the Board erred in tacitly concluding that Respondent complied with all conditions of coverage, including requirements that Respondent and Respondent's providers document the need for surgery; and lastly, that *Fain v. Crouch*, a federal court decision enjoining a different coverage exclusion, does not decide this case.[5] 618 F. Supp.3d 313. After a review of the record, we find no error. The Board possessed jurisdiction to review the contested covered services and was not clearly wrong in reversing Aetna's denial decision on the scant evidence present before it. As to the remaining assignments of error, it is apparent that such objections were not properly preserved below as to allow this Court an ability to review such alleged errors.

As a preliminary matter, Respondent argues that this Court lacks jurisdiction to review this administrative action pursuant to Medicaid regulations and discussions contained in *Forloine v. Coben*, No. 3:23-0450 (S.D. W. Va. Aug. 1, 2023). We find such arguments to be unpersuasive. Pursuant to federal law, one agency must both administer the Medicaid program and issue final administrative actions on covered and non-covered services. *See* 42 C.F.R. §§ 431.10(e)(3)(2013) and 431.244(f)(1) (2017). Neither the Medicaid statutory provisions nor the implementing regulations define "final administrative action." However, as evidenced in dicta from *Forloine v. Coben*, the District Court cited language in West Virginia's State Plan and implementing Medicaid Manual to suggest such actions taken by a Hearing Officer or Board to be "final" and "conclusive." *See* State Medicaid Manual § 2903.2(A), ECF No. 6-3; State Plan at 3, ECF No. 6-6. We disagree with such assessment. The fact that an administrative decision is "final" and "conclusive" does not foreclose judicial review of such a decision and such judicial review is not a substitute for the single agency administration of policies and decisions. BMS remains the sole agency responsible for determining coverage, which satisfies the federal single agency requirement. However, the record made before the single agency can be reviewed by this Court on appeal without running afoul of federal law. Such judicial review of these agency decisions was plainly contemplated. Specifically, State Medicaid Manual § 2903.2(D) provides: "In the notice of decision advise the claimant of the right of judicial review if it is prescribed by State statute specifically authorizing review of agency decisions on the basis of the record of administrative proceedings, or if there is other provision for judicial review under State law." Moreover, West Virginia Code § 16-1-22a (2023) provides:

> (c) Any party adversely affected or aggrieved by a final decision or order of the agency may seek judicial review of that decision by filing an appeal to

---

[5] In briefing both parties agreed that *Fain v. Crouch* was not dispositive nor relevant to the administrative appeal before this Court, as such this assignment of error shall receive no consideration.

the Intermediate Court of Appeals as provided in § 29A-5-4 *et seq*., of this code.

(d) The process established by this section is the exclusive remedy for judicial review of final decisions of the Board of Review and the Bureau for Medical Services.

This Court squarely dealt with the issue of whether DHHR can appeal its administrative proceedings in *West Virginia Department of Health and Human Resources Office of Health Facility Licensure and Certification v. Heart 2 Heart Volunteers, Inc.*, 249 W. Va. 464, 896 S.E. 2d 102 (Ct. App. 2023). In *Heart 2 Heart*, we concluded that under the Administrative Procedures Act ("APA"), West Virginia Code § 29A-5-4(a), the West Virginia Legislature provided that "[a]ny party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter[.]" *Id.* at --, 896 S.E.2d at 106. In that case, it is undisputed that DHHR was a party before the Board and that DHHR was a "party adversely affected by a final" decision in a contested case before the Board, therefore, we concluded that DHHR possessed standing to appeal the Board's decision. That decision centered around the independent nature of the Office of Inspector General ("OIG") which established the Board as a separate statutorily created tribunal, operating under the authority of the DHHR and within the OIG. The Board is a quasi-independent agency designed to provide quality control for programs under the DHHR. *See* W. Va. Code § 9-2-6(13) (2023). Neither the Secretary of DHHR nor OHFLAC, or in this instance BMS, have control over any decisions issued by the Board. In accordance with this Court's *Heart 2 Heart* opinion, we likewise conclude that BMS possesses standing to bring this appeal. Nothing in Federal Medicaid laws and regulations expressly preempts such judicial review.

As for the jurisdictional question raised by the Petitioner pertaining to the Board, we find the Board has the authority to review whether a specific procedure falls within a covered category. *See* 42 C.F.R. §§ 431.220(a)(1) (2017). The question presented before the Board was a factual determination regarding medical necessity and whether the requested procedures were excluded under the policy. The policy does not provide an exhaustive list which categorizes all procedures as non-covered or covered. The policy allows medically necessary procedures to be covered. To come to a determination on what is covered, a factual determination must be made concerning medical necessity. This is a question that the can be appealed to the Board. Therefore, we find BMS' assignment of error that the Board did not have authority to hear a claim concerning non-covered Medicaid services to be without merit.

Upon a thorough review of the record, this appears to be a case of poorly preserved objections and lack of assertions on behalf of BMS below. The evidentiary proceeding, if one should even refer to it as such, is best described as summarily short-cited arguments on behalf of BMS without contrary evidence nor articulated contentions sufficient to

preserve appellate review. We find BMS' assertion that the evidence of medical necessity failed to satisfy the preponderance of the evidence standard to be disingenuous considering the lack of any contrary evidence whatsoever presented by BMS at the evidentiary hearing. BMS submitted no information regarding current expert opinion, industry standard, or best practices for the Board to consider or refute any of the evidence submitted by the Respondent. With the lack of evidence provided, we are without an ability to consider error regarding evidentiary weight and its application to the law. BMS has failed to create and provide a record which supports any conclusion to the contrary.

Additionally, BMS did not present evidence nor argument regarding coverage condition compliance before the Board. Accordingly, BMS has waived all such arguments; therefore, the same are not properly before this Court for consideration. The Supreme Court of Appeals of West Virginia has clearly stated that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Given BMS' absolute failure to contest and preserve any critical issues for which appellate review might afford relief, this Court cannot find the Board's decision to be clearly wrong under the specific record in this case.

BMS utterly failed to meaningfully participate in the evidentiary hearing below. It chose to attend such hearing without counsel, and accordingly, could not even question the Respondent. It offered no evidence on the issue of medical necessity for these arguably cosmetic procedures. It completely failed to raise a potentially dispositive issue involving coverage conditions. While BMS raises new facts and meritorious arguments on this appeal, they were not raised with the Hearing Officer nor preserved in the fact-finding proceeding. This Court cannot consider evidence not introduced and arguments not made below.

Accordingly, based solely on the record before us, we affirm the Board's March 14, 2023, decision.

Affirmed.


**ISSUED:** May 23, 2024


**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6