# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **S.D.-1 and S.D.-2**

**No. 24-635** (Lewis County CC-21-2023-JA-57 and CC-21-2023-JA-58)

## MEMORANDUM DECISION

Petitioner Mother A.S.[1] appeals the Circuit Court of Lewis County's October 8, 2024, order terminating her parental rights to S.D.-1 and S.D.-2, arguing that the circuit court erred by denying her an extension of her improvement period, terminating her parental rights, and relying upon certain evidence to support termination.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2023, the DHS filed a petition alleging that the petitioner and the father abused and neglected the children by using drugs to the detriment of their parenting abilities and failing to provide for the children's medical and educational needs. Specifically, the DHS alleged that then-fifteen-year-old S.D.-1 reported to a Child Protective Services ("CPS") worker that he observed drugs and drug paraphernalia in his parents' possession. According to the DHS, the petitioner had a history of substance abuse, spoke openly about her drug use to others, and admitted to the CPS worker that she had relapsed. The DHS further alleged that the children had not seen a doctor or a dentist in approximately five years and that then-eight-year-old S.D.-2, who is developmentally and physically disabled, was not enrolled in school.

In January 2024, the court held an adjudicatory hearing at which the petitioner stipulated to abusing and neglecting the children by abusing drugs to the detriment of her parenting ability and neglecting S.D.-2's educational and medical needs. Thus, the court adjudicated the petitioner of abusing and neglecting the children. In March 2024, the court granted the petitioner's written motion for a post-adjudicatory improvement period. The terms included drug rehabilitation, therapy, parenting classes, multidisciplinary team meetings, and drug screens. In addition, the terms required the petitioner to obtain employment, maintain suitable housing, and participate in supervised visits with the children.

---

[1] The petitioner appears by counsel Keith Skeen. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Melissa T. Roman appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because the children share the same initials, we use numbers to differentiate them.

In September 2024, the circuit court held a dispositional hearing at which the children's foster parent testified as to S.D.-2's various medical conditions. The foster parent stated that, after attending a multidisciplinary treatment team ("MDT") meeting at which the petitioner was directed to attend S.D.-2's medical appointments, she notified the petitioner of each of those appointments. However, the witness explained that the petitioner only attended two of five appointments that occurred thereafter. The petitioner testified and admitted that she did not successfully complete the terms of her improvement period and moved for a three-month extension of the same. In the resulting order, the court listed numerous instances of the petitioner missing drug screens and found that the petitioner and the father "engaged in an intentional and deliberate pattern of jointly missing drug screens on Friday's, Monday's [sic], back[-]to[-]back days, and immediately before and/or after holidays, and failed to provide any explanation as to why." The court found that the petitioner's buprenorphine and naloxone levels were inconsistent with her prescribed Suboxone and indicated that she was not using the Suboxone as prescribed. Additionally, the petitioner tested positive for amphetamine, methamphetamine, and fentanyl during her improvement period. The court addressed the petitioner's argument that her slow hair growth caused her positive results on her hair follicle drug tests and concluded that her argument was without merit, as the test results fluctuated in a pattern indicative of continued drug use. Specifically, the court explained that the petitioner's follicle test from June 2024 was negative for methamphetamine, but her July and August 2024 tests were positive and, in combination with numerous missed drug screens, this was indicative of recent methamphetamine use. The court noted that then-nine-year-old S.D.-2 had many disabilities, was nonverbal, and required complex, around-the-clock care yet the petitioner failed to attend the child's medical appointments despite being "afforded the opportunity, and directed by the MDT, to attend" those appointments. The court further noted that S.D.-1 "repeatedly expressed to his guardian ad litem, social worker and the kinship provider that he does not desire to be reunified with his parents and from his interactions with them, does not believe they are sober" and that "his parents are unable to properly care for [S.D.-2]." Based upon these findings, the court determined that the petitioner failed to successfully complete her improvement period and was unwilling or unable to provide for the children's needs. The court denied the petitioner's request for a further improvement period or extension thereof because she failed to demonstrate that she was likely to fully participate, did not demonstrate any change in circumstances, continually abused drugs, and medically neglected her children. Ultimately, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, termination of the petitioner's parental rights was necessary to secure the children's best interests, and adoption was the preferred permanency plan, as it would give the children the most stability. Accordingly, the court terminated the petitioner's parental rights to the children. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred by denying her request for an extension of her post-adjudicatory

---

[3] The father's parental rights were terminated below. The permanency plan for the children is adoption in the current placement.

improvement period. In order to receive an extension to an improvement period, the parent must, among other requirements, "substantially compl[y] with the terms of the improvement period." W. Va. Code § 49-4-610(6). Here, the court found that the petitioner did not comply with those terms because she missed numerous drug screens, continued to abuse drugs, and missed nearly all of S.D.-2's medical appointments. On appeal, the petitioner argues that these findings are clearly erroneous because she gave conflicting testimony in which she claimed that she substantially complied with her improvement period except for becoming employed, that she was not permitted to attend S.D.-2's medical appointments, and that the DHS failed to provide her with reunification therapy. However, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Our review of the record reveals an extensive evidentiary basis for the circuit court's findings regarding the petitioner's failures during her post-adjudicatory improvement period, and her testimony to the contrary is insufficient to establish error. As such, the court did not err by denying her request for an extension of her post-adjudicatory improvement period. *See In re Katie S.*, 198 W. Va. 79, 90, 479 S.E.2d 589, 600 (1996) (explaining that the circuit court did not abuse its discretion in denying a request for an extension of an improvement period when the parent failed to comply with the terms contained therein).

The petitioner next argues that the court erred by relying on hair follicle drug screens as opposed to urine screens.[4] She asserts that there was "unrefuted" evidence that her hair growth rate was much less than one-half an inch per month—which, in follicle testing, represents a period of ninety days—and this slow growth rate led to false positives.[5] However, the circuit court considered the follicle testing in conjunction with the petitioner's numerous missed drug screens and concluded that the petitioner was using drugs throughout the proceedings. Critically, the court pointed out that the petitioner's follicle test was negative for methamphetamine for the first time in June 2024 but returned to being positive in July and August 2024, which was indicative of new use. In doing so, the circuit court exercised its legitimate authority to assign weight and credibility to the evidence presented, and we decline to disturb its determinations on appeal.[6] *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

---

[4] Inasmuch as the petitioner argues that reliance on hair follicle testing is generally inappropriate, we note that she cites to no relevant authority disallowing a circuit court from considering such testing.

[5] The petitioner provides a citation to the dispositional transcript where this "unrefuted" evidence was introduced but that section does not mention the petitioner's hair growth rate at all.

[6] On this same basis, we reject the petitioner's argument that the court erroneously relied upon the testimony of a CPS worker who the petitioner asserts was unfamiliar with the case.

The petitioner also argues that the court erred in relying upon certain witness testimony recounting statements made by S.D.-1, as S.D.-1 was not called as a witness and did not undergo a Child Advocacy Center interview. However, the petitioner fails to identify where she objected to that line of questioning below and, thus, failed to preserve the issue for appellate review. *See State v. Asbury*, 187 W. Va. 87, 91, 415 S.E.2d 891, 895 (1992) ("Generally the failure to object constitutes a waiver of the right to raise the matter on appeal."). Given that this Court does not

To the extent that the petitioner argues that termination of her parental rights was erroneous, we disagree, as "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon findings that there is no reasonable likelihood conditions of abuse or neglect can be substantially corrected in the near future and that termination is necessary for the children's welfare). There is no such likelihood when the parent has "habitually abused or [is] addicted to. . . controlled substances or drugs" or when the parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." W. Va. Code § 49-4-604(d)(1) & (3). Here, the court found that the petitioner failed to follow through with the terms of her improvement period, in part by continuing to abuse drugs, and accordingly, terminated her parental rights. *See In re K. L.*, 247 W. Va. 657, 667, 885 S.E.2d 595, 605 (2022) (explaining that a parent's failure to participate in their improvement period is "a statutorily-recognized basis upon which this Court regularly affirms termination of parental rights"). The court also found termination of the petitioner's parental rights necessary for the children's best interests. Thus, the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2025

**CONCURRED IN BY**:

Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

**NOT PARTICIPATING**:

Chief Justice William R. Wooton

---

consider "nonjurisdictional questions . . . raised for the first time on appeal", the petitioner is entitled to no relief in this regard. *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted).