# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Ronald E.,
**Petitioner Below, Petitioner**

**v.) No. 25-159** (ICA No. 24-ICA-165)

Kelli E.,
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E.[1] appeals from a memorandum decision by the Intermediate Court of Appeals ("ICA") affirming the Family Court of Jefferson County's final custodial allocation order entered on March 14, 2024. *See Ronald E. v. Kelli E.*, No. 24-ICA-165, 2024 WL 5003304 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). The issues on appeal primarily concern the petitioner's challenge to the family court's deviation from the presumption of equal custody and its calculation of child support. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision summarily affirming the matter is appropriate. *See* W. Va. R. App. P. 21.

The parties are divorced and share three children. In April 2023, during the divorce proceedings, the family court granted the parties 50-50 shared custody of the children. Due to various issues regarding coparenting and allegations of child abuse, litigation surrounding the child custody arrangement continued. Ultimately, in a final custodial allocation order entered on March 14, 2024, the family court granted the respondent sole parenting and decision-making authority of the children and ordered that the petitioner have two hours of supervised visitation once a week, among other things.

The petitioner appealed the family court's decision to the ICA, challenging the family court's findings of fact, custodial allocation, refusal to report allegations of child abuse and neglect to the circuit court, child support calculation, and the timeliness of the guardian ad litem's filed reports. The ICA issued a memorandum decision on the matter, affirming the decision of the family court. The petitioner now appeals from the ICA's decision.

On appeal of a final order of a family court from the ICA, this Court reviews the family court's findings of fact for clear error, the family court's application of law to the facts for an abuse

---

[1] The petitioner is represented by Anna L. Adkins. The respondent is represented by Gregory A. Bailey. Additionally, we use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

of discretion, and questions of law de novo. *See* Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024). A careful review of the appendix record and briefing indicates that the family court's various findings of fact were well supported by the evidence presented and that it correctly applied the law to such facts.[2] We therefore summarily affirm the ICA's decision affirming the family court's March 14, 2024, order.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice H. L. Kirkpatrick
Justice James W. Flanigan

**DISQUALIFIED:**

Justice Charles S. Trump IV

---

[2] We further note that the petitioner failed to produce the recordings of the underlying family court proceedings in the record on appeal, despite relying upon them to support his assignments of error. *See* Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the [lower] court."). As for the petitioner's assertion that the family court failed to swear in the guardian before she testified, he fails to cite to where he objected to this issue below to preserve the error for appeal. Accordingly, we decline to address the matter. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ( "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citations omitted).

Additionally, the petitioner fails to sufficiently cite to the record on appeal to support his argument regarding the family court's child support calculation. A petitioner's brief must contain "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W. Va. R. App. P. 10(c)(7). Other than a single reference to the final custodial allocation order setting the amount of his child support obligation, the petitioner includes no citations to support his assertion that his income was miscalculated. Thus, we decline to address this argument. *Id.* (This Court is permitted to "disregard errors that are not adequately supported by specific references to the record on appeal").